CASE 9————JUNE 9.

## Dodds vs. Combs, &c.

### APPEAL FROM THE GARRARD CIRCUIT COURT.

Whenever the error complained of is ascertained to consist in the mistake of the clerk and not in the judgment of the court, and there exists anything in the record by which it can be amended, the application should be made to amend in the court below, and until thus made and refused, such an error is not available for reversal in the court of appeals.

Where the petition admits the payment of a sum and it is not credited upon the judgment, the omission is a clerical misprision amendable by the circuit court at a subsequent term; and until an application to that effect has been made and refused, the omission to enter the credit is not available in the court of appeals.

G. W. Dunlap, for appellant, cited, *Martin vs. Wilson, MS. opinion, June* 1857.

Burdett, for appellees, cited *Civil Code, sec.* 903; *Liter vs. Wright, MS. opinion, June* 1857; 4 *Bibb*, 321 ; 1 *Mon.*, 7 ; 7 *J. J. Mar.*, 12.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

The allegation of a mistake in the contract of lease is flatly denied, and, in our opinion, the evidence altogether fails to establish that there was any mistake, or that the written contract did not in every respect conform to the agreement between the parties. So that it is unnecessary to inquire to what extent, if any, the appellant sustained damage in consequence of the alleged defects in the ferry boat, and the failure of appellees to keep it in repair.

Dodds vs. Combs, &c.

The credit for the counter-claim set up in the amended answer appears to have been allowed by the circuit court, and the only question that remains is, whether the omission to allow the credit of fifteen dollars, admitted in the petition to have been paid on the 8th May, 1858, is an error available for reversal in this court without having first moved for its correction in the court below.

The difficulty that occurs in determining between what are mere clerical misprisions and the judgment of the court often creates perplexity in deciding whether amendments are or not permissible in the court below upon motion. But the rule seems to be that whenever the error complained of is ascertained to consist in the mistake of the clerk and not in the judgment of the court, and there exists anything in the record by which it can be amended, the application should be made to amend in the court below, and until thus made and refused, such an error is not available for reversal in this court. And so the Civil Code (*sec.* 577) provides.

In the case of *Liter vs. Wright* (*MS. opinion June Term* 1857,) there was an omission to enter a credit upon the judgment for a payment admitted in the petition to have been made, and also endorsed on the bill of exchanged sued on, and that omission was assigned for error in this court. It was held to be a clerical misprision and not available for reversal until its correction had been asked for and refused in the court below; and in that case several authorities are referred to in support of the opinion.

It seems to us that that case is directly appliable here, and that inasmuch as the petition here discloses the payment of the sum not credited, there was enough in the record to authorize the circuit court to treat the omission as a clerical misprision and order its amendment at a subsequent term.

The case of *Martin vs. Wilson*, decided at the same term, was not similar at all to that of *Liter vs. Wright.*

In *Martin vs. Wilson* the point was, at what time the credit should have been entered. The record showed that the appellant was entitled to have it entered as of a certain date, but that the court below had in its judgment caused it to be

entered as though paid upon a different day, and fixed the day in the judgment. Thus showing that the court had passed upon the question and committed the error in the judgment, and not merely that the clerk had omitted to enter a credit *about* which there was no dispute.

We are of opinion, therefore, that the circuit court still has the power to cause the credit of fifteen dollars to be entered on motion, and that until an application to that effect has been made and refused, the omission to enter the same is not available in this court.

Judgment *affirmed*.