### EDWARD C. HOGAN *vs.* HENRY H. HARLEY.

If the defendant in a writ of forcible entry and detainer seeks to justify his possession under the authority of some other person than the plaintiff, the burden is on him to prove the title of such person.

FORCIBLE ENTRY AND DETAINER. At the trial in the superior court, before *Wilkinson,* J., it appeared that for several years prior to the death of the defendant's wife, in 1862, he had occupied the premises in her right. She left no issue. The plaintiff was her brother, and it was admitted that he was entitled to a share of the premises. He also testified that there had

been another sister, who married one Sheldon, of Ohio, and had children, but he had not heard from them for fifteen years, and did not know whether they were living or not. There was evidence tending to show that, after the death of the defendant's wife, the defendant held the premises under the plaintiff, and was duly notified to quit the same. The defendant introduced evidence tending to prove that Mrs. Sheldon had died, and that at the time of the commencement of the action he held the premises under the authority of her heirs. The plaintiff's counsel contended that no such heirs existed, and that, if they did, the defendant had no authority to occupy the premises from them; and that the defendant was estopped from denying the plaintiff's title. The judge instructed the jury that if the plaintiff and defendant mutually agreed for an oral lease of the premises, so that the relation of landlord and tenant existed between them, the defendant was estopped to deny the plaintiff's title; and that, if the defendant undertook to justify his possession under authority of any other person than the plaintiff, the burden was on him to show the title of such person.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. T. Davis*, for the defendant.

*A. M. Copeland*, for the plaintiff.

DEWEY, J. The case presented upon the bill of exceptions is somewhat more limited than that assumed by the defendant at the hearing before this court. No question is now made as to the correctness of the ruling as to the estoppel, in case the defendant held the premises under a lease from the plaintiff.

The further instruction that, if the defendant undertook to justify his possession under the authority of any other person than the plaintiff, the burden was on him to show the title of such person, would be correct as an abstract proposition, and was unobjectionable as applied to the particular defence set up.

We do not perceive that any ruling was asked by the defendant upon the point now urged, namely, that the plaintiff was bound to show that he was the sole owner of the premises, to enable him to maintain the present action.

Without expressing any opinion beyond that arising upon the questions raised by the exceptions, we think the exceptions taken are not sustained.          *Exceptions overruled*