Marston *v.* Marston.

liquidation of damages,—but is a penalty and so must be regarded.

WALTON and BARROWS, JJ., concurred.

---

GEORGE MARSTON *versus* OLIVER B. MARSTON & *ux.*

A conveyance made without consideration, and for the purpose of defrauding creditors, is void as well against subsequent as prior creditors of the grantor.

A conveyance being void, the title is regarded as remaining in the fraudulent grantor so far as creditors are concerned, and a judgment creditor, by a levy, acquires such seizin as enables him to maintain a real action against the fraudulent grantor.

The fact that the judgment, on which the levy was based, was founded upon a note given since such fraudulent conveyance, but in renewal of a prior indebtedness, will not affect the rights of the plaintiff in such real action.

ON FACTS AGREED.

APPLETON, C. J.—On 17th Feb., 1857, the defendant, Oliver B. Marston, being the owner of the demanded premises, conveyed the same to his brother Joseph Marston for the consideration of fifteen hundred dollars, as expressed in the deed, for which sum he received the note of Joseph Marston. The same day Joseph Marston deeded the land of which he had thus acquired the title, to Fanny Marston, the wife of Oliver B. Marston, and took back the note he had just given.

The plaintiff was a creditor of Oliver B. Marston prior to these conveyances. They were without consideration, and their obvious purpose and effect was to hinder, delay and defraud creditors, and such purpose and effect could not but have been known to all the parties to these transactions.

Though the plaintiff renewed his original note by taking a new one since these conveyances, it does not affect his

legal rights, for a conveyance made without consideration, and for the purpose of defrauding creditors, is void as well against subsequent as prior creditors of the grantor. *Clark* v. *French*, 23 Maine, 221; *Wyman* v. *Brown*, 50 Maine, 139.

If the conveyances referred to were fraudulent and void as to creditors, the plaintiff might impeach them. Being void, the title is regarded as remaining in the fraudulent grantor, and the judgment creditor by a levy acquires such seizin as enables him to maintain a real action against the fraudulent grantor or grantee.

In cases like *Houston* v. *Jordan*, 35 Maine, 521, *Low* v. *Marco*, 53 Maine, 45, and *Howe* v. *Bishop*, 3 Met., 28, where the legal title was never in the judgment debtor, the creditor does not acquire the legal title by a levy. But in the present case the legal title was in Oliver B. Marston, and his conveyance being fraudulent, the plaintiff by his levy acquired the title. *Defendant defaulted.*

CUTTING, WALTON, DICKERSON, BARROWS and TAPLEY, JJ., concurred.

*Bean*, for the plaintiff.

*Vose*, for the defendants.