## W. D. TINSLEY v. STARK FIELDER'S ADMR.

**Lands—Unpaid Purchase Money—Collateral Security—Waiver of Lien.**

In a conveyance of lands, specifying partial payments, the express reservation of a lien as an indemnity for the payment of one of the notes for unpaid purchase money, and the failure to make a similar provision for the other notes for which specific collateral of personalty was designated, is held to be a waiver of the lien on the estate conveyed as to the notes secured by colateral.

**Interest—Installments—Subsisting Debt.**

When instalments of interest, which are specified in an obligation, mature, they become subsisting debts then due, with attributes of principal and carry interest as such.

**Same—Bills and Notes—Lien.**

A purchase money note, carrying specific installments of interest to be paid, being secured by a lien on the land, the accrued interest thereon was an incident secured and protected by all the safeguards which surrounded and secured the principal, and a lien would attach for such interest, though the principal be not due.

May 27, 1868.

APPEAL FROM LOUISVILLE CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE PETERS:

This action was originally brought to recover the unpaid interest due on two notes, executed by appellant to appellee's intestate in part consideration of valuable real estate in the county of Jefferson, conveyed to the former by said intestate. One of the notes is for $5,000 due six years from the first of February, 1859, with interest payable annually from the last named date, the other for $30,000 due fifteen years from the 1st of February, 1859, with interest thereon from that day payable annually. Pending the action, the note for $5,000 matured, and by an amended petition, judgment was sought for the principal, and accrued interest on that note, and the several installments of interest which had accrued in the meantime on the note for $30,000, and a lien claimed on the real estate conveyed, for the payment of the several demands

sued for. In appellant's answer he denied that any lien was retained for the security of the smaller note and its interest.

On final hearing, the court below rendered judgment for the annual installments of interest on both notes, the interest on the larger one to commence the 1st of February, 1860, and interest on the installments as they matured, and also for the debt of $5,000 and for installments of interest beginning from 1st of February, 1859, and with interest from the day it was due, subjecting the land to the payment of the interest on the note for $30,000, and decided that no lien existed for the other note and interest. From that judgment Tinsley has appealed, and Fielder's administrator prosecutes a cross appeal.

The principles settled by the chancellor in the decree are approved. In the deed to appellant, the grantor recites that

"in consideration of ten thousand dollars ($10,000) cash in hand, and the note of said Tinsley of this date (10th of January, 1859) for five thousand dollars, payable three years after the first of February, 1859, with interest thereon from that day, which interest is to be paid annually, counting from the said first of February ensuing, and the note of said Tinsley, for the like sum of five thousand dollars, payable six years after the said first of February, with interest thereon from that period, and which interest is to be paid annually, counting as above mentioned, and to secure which sums of $5,000.00 each, said Tinsley has this day transferred to said Fielder, ten thousand dollars of stock in the Farmers Bank of Kentucky, and which said Fielder is to hold as collateral security, only for the payment of said sums. And also the note of said Tinsley of this date for thirty thousand dollars ($30,000) payable fifteen years after the said first day of February ensuing, with interest from that time, which interest is to be paid annually, counting from said first of February ensuing, and to secure the payment of which note of thirty thousand dollars, a lien is expressly retained on the tracts hereby conveyed, &c."

While it is expressly stated in the deed, what part of the purchase money is unpaid, as required by the statute in order to retain a lien for the same, still it is also stated that $10,000 of stock in the Farmers Bank of Kentucky was transferred to Fielder

by appellant, as collateral security, to secure the two notes of $5,000 each, and a lien expressly retained on the real estate con-veyed to secure the payment of the note for $30,000. This express reservation of a lien as an indemnity for the payment of the last named note, for which the vendor held no collateral, and the failure to make a similar provision for the smaller notes, for which he held collateral, can be regarded in no other way than as a waiver of his lien on the estate conveyed as to the small notes, and as relying on the collateral security placed in his hands, as his indemnity for their payment.

When the installments for interest matured, they became sub-sisting debts, then due, with attributes of principal, and carried interest as such.

And the note for the $30,000 being secured by a lien on the land, the interest which had accrued on that note, was an incident secured, and protected by all the safeguards, which surrounded and secured the principal, and in adjudging a lien therefor the chancellor properly ruled the law.

But it is insisted that even if the principle of the decree is correct, it is nevertheless erroneous, in the amounts adjudged to appellee.

In the petition it is alleged, after a specific description of the two notes for $5,000 each, that the first named of said notes had been paid, and the interest on the other two, that is, the one for $5,000 and the one for $30,000, had been paid up to the 1st of February, 1862, and the endorsements on the notes show that the interest on each had been paid up to the last named date. And yet judgment is rendered for interest on the smaller note com-mencing from the 1st of February, 1859, and on the larger one commencing the 1st of February, 1860. And the question arising on that state of facts is, whether that is an error available for reversal in this court, before a motion had been made in the court below to correct it?

In Dodds vs. Combs, &c., 3 Met. 28, the 577th section of the Civil Code, was expounded by this court, and the court said:

"Inasmuch as the petition here discloses the payment of the sum not credited, there was enough in the record to authorize the circuit court to treat the omission as a clerical misprision, and order its amendment at a subsequent term;"

and the court affirmed the judgment.

In this case the payments are distinctly alleged in the petition, and the notes filed with the credits endorsed; the omission, therefore, to enter the credits, or the error in the time when the interest should have been computed, is a clerical misprision, and as it does not appear that an application has been made in the court below to correct the error, this court cannot interpose. If, upon such motion being made to that court, and it should refuse to make the correction, the error would then be available for reversal.

Judgment affirmed on original and cross appeal.

*Brown,* for appellant.

*Bunch & Thompson,* for appellee.