### BURDSALL *v.* WAGGONER et al.

1. To set aside a conveyance on the ground of fraud against creditors, something more than a fraudulent intent upon the part of the grantor is required; want of consideration, or knowledge of the fraud upon the part of the grantee, must also be shown; or there must be some secret trust between the parties, or other circumstances which will operate to debar the grantee from protection as a purchaser.

2. By the statute (R. S., §§ 20, 21), fraudulent intent is to be deemed a question of fact and not of law; and in this case, *held*, that the conveyance not having been shown to be a voluntary conveyance, it was essential to show that the grantee had notice of the fraud of his grantor.

3. To maintain a creditor's bill the complainant is generally required to show not only a judgment obtained, but execution issued and returned unsatisfied in whole or in part; but even where such return is not necessary, the complainant must, by proper averment, lay sufficient ground for the relief sought.

4. In addition to an averment of fraudulent conveyance, it must appear that such disposition embarrasses the creditor in obtaining satisfaction of his debt, as that there is want of property sufficient to satisfy such debt, other than the property alleged to have been fraudulently conveyed.

5. Proof cannot be admitted of any matter not noticed in the pleadings; a party must stand or fall by the case made in his bill. An appellate court will not, as a rule, reverse a decree in order to allow an amendment to the bill.

6. A voluntary conveyance is not *per se* fraudulent under the statute.

7. If a debtor is perfectly solvent he can do with his property as he will, so long as he does not dispose of so much of it as will disable him from paying his debts.

*Appeal from District Court of Arapahoe County.*

THE bill in this case alleges that Burdsall, the appellant, obtained a judgment in the county court of Arapahoe county against Henry O. Waggoner, Sr., on the 15th of November, 1871; that he procured an execution to be issued and that the writ was levied on lot twenty-five, in block forty-one, in the city of Denver, as the property of Waggoner, Sr.; that on the 24th day of January, 1872, the sheriff sold the property under the writ of execution, and that it was bid in by Burdsall; that on the 7th of December, 1872, the time of redemption having expired, Burdsall received a deed from the sheriff for the premises. The other facts are stated in the opinion.

Messrs. WELLS, SMITH & MACON, and Mr. S. S. WALLACE, for appellant.

Messrs. FRANCE & ROGERS, for appellees.

STONE, J. This is a case in chancery to set aside a conveyance of real estate from Waggoner, one of the defendants, to Moss, the other defendant, upon the ground of alleged fraud against the complainant creditor.

Upon a hearing in the court below upon the testimony taken before the master, the bill was dismissed. The assignment of error is, that the court erred in dismissing the bill and in not rendering a decree in accordance with the prayer

for relief. The evidence tends to show that the grantor made the conveyance with a fraudulent intent to hinder and defeat the complainant in the recovery of his debt in his suit at law which was pending when the conveyance was made. There are several circumstances in the case which tend to cast suspicion upon the transaction, but we think the evidence is insufficient to make out a case upon the pleadings. To set aside a conveyance for fraud against creditors, something more than a fraudulent intent upon the part of the grantor is required. Want of consideration or knowledge of the fraud on the part of the grantee must also be shown, or there must be some secret trust between the parties, or other circumstances which will operate to debar the grantee from protection as a purchaser. The bill charged the grantee with knowledge of, and participation in, the fraudulent intent of the grantor, as well as a total want of any consideration whatever. These allegations are denied in the separate answers of the defendants, and no proof was made, nor was any evidence attempted to be introduced touching any of these averments.

Our statute concerning frauds, R. S., ch. 37, is a substantial adoption of the statutes of 13th and 27th Eliz., but these latter are so far modified by the 20th and 21st sections of our statute as to affect both the mode and extent of proof required to avoid a conveyance on the ground of fraud. By these sections the fraudulent intent is to be deemed a question of fact and not of law ; a conveyance shall not be considered fraudulent for want of consideration alone, nor shall the title of a purchaser for a valuable consideration be impaired unless it appear that he had notice of the fraudulent intent of his grantor.

In this case the conveyance not having been shown to be a voluntary conveyance, it was essential to show that the grantee had notice of the fraud of his grantor. *Johnson* v. *Johnson*, 3 Metc. 65; *Myers* v. *Kinzie*, 26 Ill. 38.

There is another point which is also fatal to appellant's case. There is no averment in the bill of insolvency of the

defendant debtor, or that there was not property other than that alleged to be fraudulently transferred, out of which the judgment at law could have been satisfied. The bill is in the nature of a creditor's bill, and to entitle the complainant to maintain a bill of this character, he is usually required to show not only a judgment obtained, but an execution sued out with a return of *nulla bona*, or that the writ is unsatisfied in whole or in part. *Alexander* v. *Tams*, 13 Ill. 224; *Heacock* v. *Durand*, 42 id. 233; *Child* v. *Brace*, 4 Paige, 315.

To this general rule there are some exceptions (*Steere* v. *Hoagland*, 39 Ill. 265), but, even where such return is not necessary, the complainant must, by proper averment, lay sufficient ground for the relief he seeks in a court of equity.

The bill should show not only that the debtor has made a fraudulent disposition of his property, but that such disposition embarrasses him in obtaining satisfaction of his debt or judgment; there must be an averment of want of property sufficient to satisfy such debt other than the property which is alleged to have been fraudulently conveyed, for if there be other property sufficient, then the resort to equity is unnecessary. *Harris* v. *Taylor*, 15 Cal. 348; *Dunham* v. *Cox*, 2 Stockton (N. J. Eq.), 467; *Thomas* v. *Mackey*, 3 Col. 293; *Crockett* v. *Lee*, 7 Wheat. 527.

In the case of *Dunham* v. *Cox*, *supra*, this doctrine is clearly laid down and assented to unanimously by the whole bench of eleven judges, composing the court of errors and appeals.

It is true, testimony was taken in the case to show that Waggoner, the debtor defendant, had no property other than the lot which was the subject of the alleged fraudulent transfer; but while it is possible that such testimony might, under certain circumstances, be admissible as showing a badge or *indicium* of fraud in the conveyance which is sought to be set aside (*Howe* v. *Ward*, 4 Greenl. 195), yet where such showing is a substantive ground of equity relief, such testimony is inadmissible unless it is in support

of a proper averment in the bill of the fact which is sought to be proved by such evidence.

It is a maxim, fundamental, both in law and equity, that no proof can be admitted of any matter not noticed in the pleadings. Proofs must be pertinent to the issue, *secundum allegata.* A party must stand or fall by the case made in his bill. Daniel's Chancery (4th ed.), 852 ; *Rowan* v. *Bowles,* 21 Ill. 19.

Nor, unless under exceptional circumstances, will an appellate court reverse a decree in order to allow an amendment to the bill.

While the bill in this case is thus defective, as well as in other respects not necessary to notice, we cannot refrain from remarking that the answers of both defendants are singularly vague, inexplicit and evasive. Neither by the pleadings nor by the evidence is such a case made and presented as to entitle the complainant to the relief prayed.

*Decree affirmed.*

THATCHER, C. J. I concur in the conclusion of Mr. Justice STONE, on the ground of insufficient averments in the bill. Following the rule laid down in *Mackey* v. *Thomas,* 3 Col. 293, the charge of fraud in the bill is too general. If it be admitted that the conveyance was voluntary, it was not therefore *per se* fraudulent, as against existing creditors. Such is the construction of a statute like ours by the court of appeals of New York (*Young* v. *Hermans,* 66 N. Y. 387 ; *Holden* v. *Burnham,* 63 id. 75), a case from which this court quoted approvingly in *Thomas* v. *Mackey,* cited *supra.* If a debtor is perfectly solvent, he can do with his property what he will so long as he does not dispose of so much of it as to disable him from paying his debts. In the bill there is no allegation that the debtor was insolvent or embarrassed. For aught that appears he may have been possessed of ample property, other than the property in controversy, to pay his debts. If so, the deed cannot be attacked by his creditors. The bill, in the

absence of sufficient allegations showing that the convey-
ance operated as a fraud upon Burdsall, was at the hear-
ing properly dismissed.   For these reasons I agree with
brother STONE that the decree of the court below must be
affirmed.

Mr. Justice ELBERT, having been of counsel in the court
below, did not sit in this case.