## GREGORY v. FILBECK.

1. FRAUDULENT CONVEYANCES — RIGHTS OF CREDITORS — ALIMONY.— Under General Statutes of 1883, section 1526, avoiding conveyances " made with intent to hinder, delay and defraud creditors or other persons of their lawful suits  *  *  *  or demands," a wife may maintain an action to set aside a conveyance by her husband, made with such fraudulent intent, so as to enable her to collect alimony awarded in a divorce suit against him, though the cause for such divorce did not arise until after the conveyance was made.

2. Where the question of fact is submitted to a jury, who find on the testimony offered that the alleged fraudulent conveyance was made and accepted with intent to hinder and defraud the plaintiff, and the trial court has accepted the verdict and based a decree thereon, and there is evidence in the record tending to support the finding and decree, the cause will not be reversed on the ground of insufficient evidence.

*Appeal from District Court of Arapahoe County.*

PHILLIP FILBECK, being the owner on the 8th day of March, 1883, of certain premises situated in the city of Denver, conveyed the same on said day by deed of trust to Vincent D. Markham, as trustee, to secure the payment of a certain note made by said Filbeck to Jacob Gregory, the appellant herein, for the sum of $5,000, with interest thereon at twenty per cent. per annum, due and payable

every three months.   On the 21st day of June, 1883, said
Filbeck conveyed said premises to said Gregory by war-
ranty deed, and said deed of trust was released.

On the 10th day of September, 1883, Alice E. Filbeck,
appellee herein, commenced an action for divorce against
the said Phillip Filbeck, in which action the said Gregory
was made a party defendant, and, as against him, a de-
cree prayed that the premises so conveyed to him be held
in trust for the plaintiff, charged with the payment of
whatever amount of alimony should be decreed to her in
said action.  On May 20, 1885, the plaintiff filed a supple-
mental complaint, alleging desertion by the defendant
Filbeck on the 3d day of July, 1883, and such proceed-
ings were thereafter had in said action that on the 26th
day of September, 1885, a decree granting a divorce to
the plaintiff upon the ground of desertion, alleged in her
supplemental complaint, was entered therein, and a judg-
ment and decree rendered in favor of the plaintiff against
the defendant Filbeck, in the sum of $5,000, for her ali-
mony.

On the 4th day of January, 1886, the plaintiff filed a
supplemental complaint against the defendant Gregory,
by which she sought to have the said deed from Phillip
Filbeck to said Gregory set aside and held for naught,
and the premises therein described adjudged to be sub-
ject to said judgment and decree for alimony.  The issues
joined upon this supplemental complaint coming on for
trial, the court submitted the following special issues to
a jury:  "*First,* whether or not there was any consid-
eration for the several conveyances of the real estate
mentioned in the supplemental bill of complaint by the
defendant Phillip Filbeck to the defendant Jacob Greg-
ory.  *Second,* whether or not said conveyances, or either
of them, were made by the defendant Phillip Filbeck, and
accepted by the defendant Jacob Gregory, with intent to
hinder, delay or defraud the plaintiff, as alleged in said
supplemental complaint."

The jury, by their verdict, found that the consideration for the deed of trust and the consideration for the warranty deed were fraudulent. Upon the second special issue the jury returned the following verdict: "And we further find that the said defendant Filbeck made said deed of conveyance, and that the defendant Gregory accepted the same, with intent to hinder, delay and defraud the plaintiff, as alleged in her pleadings herein."

Upon defendants' motion to set aside the verdict of said jury the court granted the motion as to so much of said verdict as found the deed of trust from Filbeck to Markham to be fraudulent and void, and overruled said motion as to all things else.

A decree was then entered canceling and setting aside the deed of release of said deed of trust, and canceling and setting aside the warranty deed from said Filbeck to Gregory, and decreeing that the equity of redemption in and to the premises in said deed of trust described is vested in and is the property and estate of the defendant Filbeck, and that the same is subject to levy and sale to satisfy the said judgment and decree for alimony. From this decree the defendant Gregory appealed.

Messrs. MARKHAM & DILLON and BROWNE & PUTNAM, for appellant.

Messrs. E. MILES, W. S. DECKER and T. D. W. YONLEY, for appellee.

RISING, C. Counsel for appellant base their contention for a reversal of the judgment upon two propositions: *First*, that the plaintiff cannot invoke the statute of frauds in her aid, for the reason that she was not a creditor of said Filbeck, nor such other person as is provided for by the statute, at the time the conveyance to Gregory was made; *second*, that there is no evidence that Gregory had any knowledge or notice of the fraudulent intent of Phillip Filbeck in making such conveyance.

In support of the first proposition it is urged that when the conveyance was made to Gregory the plaintiff had not commenced her action for a divorce, and the cause of action for which the divorce was granted did not then exist, and that, as she had no existing cause of action for divorce or alimony at the time the conveyance was made, she could by no possibility be a creditor or other person provided for by the statute of frauds.

To bring a conveyance within the statute it must have been "made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands." Gen. St. 1883, § 1526.

The wording of the statute clearly shows that it was not intended to limit the protection thereby given to creditors existing at the time when the conveyance is made. The object of the statute is to protect all persons against conveyances made to hinder or defraud them of their lawful suits, damages, forfeitures, debts or demands. The necessary and material thing to bring a case within the protection of the statute is not that the party invoking its aid should have an existing cause of action or demand at the time the conveyance is made, but that the grantor intended by such conveyance to hinder, delay or defraud creditors or other persons in the manner set forth in the statute. When such intention is made to appear, the conveyance, as between the grantor and the party seeking to set it aside, is brought within the statute. Bump, Fraud. Conv. (2d ed.) 308. Upon this principle is based the well-settled rule that if a party makes a conveyance of his estate with the intent to defraud of their debts persons who may subsequently become his creditors, such subsequent creditors may, under the statute, defeat such conveyance. Appellee became a creditor of Phillip Filbeck by her recovery of judgment against him for alimony. *Livermore v. Boutelle,* 11 Gray, 217, 220; *Chase v. Chase,* 105 Mass. 385. As such subsequent creditor she may invoke the aid of the statute.

This brings us to the consideration of the second propo-

sition.   The question whether the conveyance was made
by Filbeck with intent to hinder, delay or defraud the
plaintiff, and was accepted by Gregory with such intent,
was submitted to a jury, and the jury found by their
verdict that said conveyance was made and accepted
with intent to hinder, delay and defraud the plaintiff.
The verdict of the jury in this case upon the question
of fraudulent intent was accepted by the court, and the
decree was based thereon.   By so doing the court also
passed upon the sufficiency of the evidence to establish
such fraudulent intent.

We cannot agree with counsel for appellant in their
claim that there is no evidence to sustain the finding
upon the question of fraudulent intent.   The manner
of the witnesses in detailing the circumstances of the
transaction, as well as such circumstances, must be taken
into consideration in the determination of such question;
and in this the court below and the jury had better facili-
ties for reaching a correct conclusion than this court can
have.   But, looking at the evidence as we find it in the
record, we have no doubt that this court is not warranted
in reversing the judgment on the ground that the evi-
dence is not sufficient to support the finding that the con-
veyance was made by Filbeck to Gregory, and accepted
by Gregory, with intent to hinder, delay and defraud
the plaintiff in the enforcement of any judgment for
alimony which she might obtain in her suit for divorce.

The judgment should be affirmed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM.   For the reasons stated in the foregoing
opinion the judgment of the district court should be
affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT did not participate in this decis-
ion, having tried the case below.