MULOCK, APPELLANT, v. WILSON, APPELLEE.

1. OBJECTIONS IN APPELLATE COURT.

An objection made for the first time in the appellate court, is viewed with judicial disfavor, even though the objection be one which may be raised at any time; in such case, the rule that the allegations of a pleading are to be construed most strongly against the pleader, does not apply.

2. ACTION TO CANCEL FRAUDULENT DEED.

In an action brought by a purchaser of land at sheriff's sale to cancel a former deed on the ground that the deed is fraudulent and void as to creditors, the complaint need not allege the issuance of execution in the original suit and a return *nulla bona*, nor that plaintiff is in possession of the land.

3. PRESUMPTIONS IN FAVOR OF RECORD.

Where the appellant has not by bill of exceptions preserved the evidence, nor any objection or exception to the proceedings in the trial court, it must be presumed that the proceedings were regular and that the evidence fully sustained the material allegations of the complaint.

4. DEED FRAUDULENT AS TO SUBSEQUENT CREDITORS.

Where a conveyance of land was made by an insolvent debtor without consideration, and with intent to cheat and defraud his creditors, the grantee having notice of such fraudulent intent; *held*, that the conveyance was fraudulent and void as to subsequent as well as existing creditors, and that the land in the hands of the fraudulent grantee was subject to attachment and execution by the grantor's

creditors the same as though the fraudulent deed had never been executed.

5. PROPERTY SUBJECT TO EXECUTION.

Partners are jointly and severally liable for the debts of the partnership, and the separate property of each partner is liable to execution to satisfy a judgment against the firm. In this state, by statute, every interest in land, legal and equitable, is subject to levy and sale under execution unless occupied as a homestead.

6. WANT OF POSITIVE AVERMENTS.

Where the existence of a fact may be gathered from the allegations of the complaint, the want of direct and positive averments showing such fact will not be deemed a fatal ground of objection, when made for the first time in the appellate court.

*Appeal from the District Court of Fremont County.*

ACTION to remove cloud from title to real estate by cancellation of fraudulent deed. Plaintiff Wilson obtained judgment below. Defendant Mulock brings this appeal.

### THE COMPLAINT.

Among other things, the complaint contains the following:

"The plaintiff John Wilson complains of the defendant Peter Mulock, and for cause of complaint shows: That on, to-wit, the 14th day of February A. D. 1888 the firm of Mulock Bros. & Co., a partnership composed of Ira and Joshua Mulock and A. R. Gumaer, was indebted to him in the sum of six thousand dollars ($6,000) which sum was then due; that on failure of said firm and every member thereof to pay him his said demand, he commenced an action at law in this Honorable Court, on the 24th day of February A. D. 1888, against the said firm of Mulock Bros. & Co., and on the same day caused a writ of attachment to be issued out of said court against the property of said partnership, and each member thereof, to secure said demand, and there being no partnership property to be found on which to levy said writ of attachment, the same was levied, on the 24th day of February, 1888, upon lot 14 in block 9 in Canon City, Fremont county, Colorado, as the property of the said Ira Mulock, and the same was then and there the sole property of said Ira Mulock

that afterwards, on the 12th day of April, 1888, plaintiff recovered judgment against the said firm of Mulock Bros. & Co. for the sum of six thousand dollars ($6,000) and costs of suit, in this Honorable Court, amounting to six thousand and thirty-two dollars and twenty cents ($6,032.20).

" Plaintiff further shows that by virtue of the levy of his said writ of attachment on said lot 14 in block 9, as aforesaid, he acquired a lien thereon prior and superior to that acquired by any other person or persons; that when said writ was levied the said premises were the sole and exclusive property of the said Ira Mulock, and no other person or persons had any equitable right therein.

" Complainant further shows that on the 1st day of May, 1888, he sued out of this Honorable Court a writ of execution upon his said judgment and caused the same to be levied on said lot 14 in block 9; that under such levy the sheriff of Fremont county made due advertisement of the notice of the sale of the said property, to-wit: By advertisement in the Fremont County News, a weekly newspaper published in said Canon City, the first publication thereof being on the 10th day of May, 1888, and the last thereof being on the 31st of said month, 1888; and on the 4th day of June, 1888, in pursuance of the commands of said writ of execution and the said notice of such sale, the said sheriff offered said premises for sale at the front door of the court house, in said Fremont county, between the hours of 10 o'clock A. M. and 5 o'clock P. M., and then and there sold said premises to said plaintiff, he being the highest and best bidder therefor, having bid the sum of six thousand dollars ($6,000) for said premises, which said sum was greater than that bid by any other person, for said property, at said sale; that thereby the said judgment theretofore obtained by plaintiff against the said Mulock Bros. & Co., was satisfied and credited to the extent of six thousand dollars ($6,000).

" Plaintiff further shows that since the said 4th day of June, 1888, when said sale of said premises was made by said sheriff, and bought by complainant as aforesaid, there has been

no payment of said judgment, or any part thereof, made by Ira Mulock, or by any person for him, nor by any one claiming any interest in said premises, nor has there been any redemption of said premises from said sale; and that on the 4th day of March A. D. 1889, plaintiff, by force of law, became and was entitled in law and equity to demand and have, of and from said sheriff, a deed, conveying to him all the right, title and interest of the said Ira Mulock in and to the said land and premises.

"And on the 7th day of March, instant, the said sheriff, in pursuance of law, did execute and deliver unto plaintiff a deed, by which, as sheriff, he conveyed all the right, title and interest in law and equity, of the said Ira Mulock, in and to said lot 14 in block 9 in the town of Canon City, all of which will more fully and at large appear, reference being had thereto.

"That by force and virtue of the premises, plaintiff became, was and is now the owner of the whole of said premises, in fee simple absolute.

"And for a further cause of complaint in this behalf, plaintiff shows that for two years and more last past the said Ira Mulock has been largely indebted and in failing circumstances, unwilling and unable to pay his debts; that intending and contriving how to cheat and defraud his creditors, and to so dispose of and secrete his property, and all thereof, that his said creditors would be unable to subject the same to the payment of their claims and demands, on or about the 20th day of December, 1887, secretly and fraudulently conveyed the said lot 14 in block 9, in Canon City, unto said defendant Peter Mulock; that said Peter is the son of said Ira; that said Peter then was, and always before that time was, and still is a young man, unmarried, of no means or estate of any kind or value, and wholly dependent upon said Ira, his father, for support; that the nominal consideration for said conveyance was twelve thousand dollars ($12,000) and in —— years, at the rate of —— per cent per annum; that no money in hand was paid on said conveyance by

said Peter, nor has any part of said pretended price ever been paid by him to said Ira Mulock or to any other person representing him.

" And plaintiff charges the fact to be that said defendant Peter took said conveyance of said premises with notice of the fraudulent intent and purpose of the said Ira Mulock, then and there designing and intending to aid and assist the said Ira in his fraudulent purpose aforesaid; or that the said conveyance to the said Peter by the said Ira was then and there intended by the latter to be a gift to the said Peter, well knowing then and there his inability to pay his just debts, and was so accepted by the said Peter, and it was then and there understood by and agreed by and between the said parties thereto, that no consideration was to be expected of or paid by the said Peter.

" In consideration of the premises plaintiff prays : First: That the said pretended deed of conveyance from the said Ira Mulock to the said defendant Peter be decreed fraudulent and void and for naught held against the plaintiff, and that the same be canceled and set aside."

Messrs. WESCOTT & RIZER, for appellant.

Messrs. MACON & MACON, Mr. J. H. MAUPIN and Mr. D. R. WILSON, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

1. The only matter assigned for error is, that *the complaint does not state facts sufficient to constitute a cause of action.* The defendant did not demur nor otherwise object to the complaint for any cause in the trial court, nor was any motion in arrest of judgment interposed. An objection made for the first time in an appellate court is viewed with judicial disfavor, even though the objection be one which the code permits to be raised at any time.

In *Gelston v. Hoyt,* 13 Johns. (N. Y.) 575, Chancellor

Kent said : " A party acts against good conscience if he will not come forward and disclose his reasons, when called upon by the proper tribunal, but reserves himself for another court, and for the cold, hard purpose of accumulating costs, or of depriving his adversary of the opportunity of correcting his error."

In determining the sufficiency of pleadings upon demurrer, the rule at common law was that the allegations should be construed most strongly against the pleader. *After verdict,* however, the rule was different; *a fortiori,* on appeal or error where no objection has been interposed at *nisi prius.* In the present case, therefore, if, in any aspect, the complaint states facts sufficient, in substance, to constitute a cause of action, the judgment of the district court must be upheld. Code, §§ 78, 442, 443 ; Bliss on Code Pleading, §§ 435–438, *et seq.*

2. The complaint under consideration is not, strictly speaking, a creditor's bill. The action was brought to cancel a deed to real estate on the ground that the deed was and is fraudulent and void as to plaintiff, a creditor of the grantor. The action is of such a nature that it was not necessary that the complaint should allege the issuance of execution in the original suit and a return *nulla bona ;* nor was it necessary that plaintiff should have been in possession of the land in order to maintain the action. These questions have been much considered by this court ; and the doctrine has been announced that, " where a party can only assert an equitable title to real property, though his interest may be full and complete,—as where there is some trust to be declared, or legal title to be extinguished, some instrument not void on its face to be canceled or corrected, or other obstacle to be removed before his rights can be made manifest,—he may, though out of possession, under a system of procedure like ours, have his equitable remedy, and may unite with it any appropriate cause of action through which he may secure the full and adequate relief to which he may be entitled." And, further, " that a person having procured a sheriff's deed to land, based upon valid proceedings, may maintain an action

to set aside and cancel a deed given by the judgment debtor before the recovery of the judgment with intent to defraud the judgment creditor; and it is not necessary that such party should be in possession of the premises at the time of instituting such action. A judgment creditor desiring to set aside a supposed fraudulent deed of real estate may bring his action therefor to test the validity of the deed before attempting to subject the premises to execution sale; or the purchaser, after such sale, may bring his action to remove the cloud from the title by canceling the supposed fraudulent deed, and to recover possession of the premises." See *Stockgrowers' Bank v. Newton*, 13 Colo. 249, and cases there cited.

3. This cause was tried upon the pleadings and evidence given in open court. The findings and decree were in favor of plaintiff. Appellant has not by bill of exceptions preserved the evidence nor any objection or exception to the proceedings in the trial court. It must, therefore, be presumed that the proceedings were regular, and that the evidence fully sustained all the material allegations of the complaint. In this respect the case is essentially different from the case of *Burdsall v. Waggoner*, 4 Colo. 258, so much relied upon by appellant. In the *Burdsall case*, Mr. Justice Stone delivering the opinion of the court, said:

" The bill charged the grantee with knowledge of, and participation in, the fraudulent intent of the grantor, as well as a total want of any consideration whatever. These allegations are denied in the separate answers of the defendants, and no proof was made, nor was any evidence attempted to be introduced touching any of these averments."

4. In the present case the complaint alleges and (as must be presumed) the evidence fully proved that the conveyance was made by the father to the son without consideration, that it was made when the grantor was " largely indebted and in failing circumstances, unwilling and unable to pay his debts," that it was made with intent on the part of the grantor to cheat and defraud his creditors, and that the grantee received the conveyance with notice of such fraud-

ulent intent.  Under such circumstances, it is immaterial
whether the indebtedness to plaintiff accrued before or after
the making of the fraudulent conveyance.  The deed having
been made without consideration and with intent to cheat
and defraud the creditors of the grantor, was fraudulent and
void as to subsequent as well as existing creditors; and so
the land in the hands of the fraudulent grantee was as much
subject to the attachment and execution of plaintiff as though
the fraudulent deed had never been executed.  As to plain-
tiff, the land still belonged to the grantor.  *Marston v. Mars-
ton*, 54 Me. 476; *Weightman v. Hatch*, 17 Ills. 287; *Newman
v. Willetts*, 52 Ills. 101.

In *Wilcoxen v. Morgan*, 2 Colo. 478, Mr. Justice Wells, de-
livering the opinion of the court, said: "A conveyance which
is not only voluntary, but animated by a positive and active
intent to defraud existing creditors, is void, not only as to
these, but as to subsequent creditors as well."  See the cases
there cited; also, *Gregory v. Filbeck*, 12 Colo. 382.

5. The separate property of each defendant in the first
suit was subject to attachment and execution to satisfy plain-
tiff's judgment against the firm.  Partners are jointly and
severally liable for the debts of the partnership; and by stat-
ute, in this state, every interest in land, legal and equitable,
is subject to levy and sale under execution, unless occupied
as a homestead.  General Statutes, § 1883; *Randolph v.
Daly*, 16 N. J. Eq. 316.

6. It was not necessary to allege the insolvency of each
individual member of the firm of Mulock Bros. & Co., nor to
allege *in hæc verba*, that the fraudulent conveyance com-
plained of embarrassed plaintiff in obtaining his deed or
judgment.  The complaint states that there was no partner-
ship property to be found upon which to levy plaintiff's at-
tachment; and it may be readily gathered from the allegations
of the complaint that plaintiff was, and has been, embarrassed
in collecting his debt by reason of the fraudulent conveyance.
*Dunham v. Cox*, 10 N. J. Eq. 184.  Direct and positive aver-
ments showing plaintiff's embarrassment would doubtless

have been made if the complaint had been challenged on that ground in the trial court.

In *Henry v. Travelers' Ins. Co.*, 16 Colo. 184, it is said: "Mere uncertainty or ambiguity in the averments of the petition should not be held sufficient to defeat the right of intervention without giving the usual opportunity to amend."

In this connection the language of the opinion in *Schilling v. Rominger*, 4 Colo., at page 106, is also in point. That suit arose when suits in chancery and actions at law were necessarily separate, distinct and independent proceedings. Hence, the objection that the complaint did not contain an averment, "that complainant was without a full, complete and adequate remedy at law," was considered an objection to the jurisdiction of the chancery court. Under the present practice such an objection is not so classified. The *first* ground of demurrer under the Code (sec. 50) is, "that the court has no jurisdiction of the person of the defendant or the subject of the action." The objection, "that the complaint does not state facts sufficient to constitute a cause of action," is the *sixth* ground of demurrer. The distinction between these grounds of objection is sometimes lost sight of by those accustomed to the nomenclature of our former practice. Under the present practice, it certainly does not follow, because a complaint *does not state facts sufficient to constitute a cause of action*, that the court has *no jurisdiction of the subject of the action*. If the *Schillinger-Rominger* case had arisen under the code, the objection to the complaint would not have been considered jurisdictional, and being grounded upon the absence of form in the averments would not have prevailed, because made for the first time in the appellate court, thus depriving plaintiff of an opportunity for amendment.

In our opinion, none of the objections urged by counsel against the complaint are available on this appeal. The judgment of the district court is accordingly affirmed.

*Affirmed.*