Maxwell, J.
Appellee commenced suit by attachment upon a promissory note against W. "W. and F. H. Wood-bridge.
A writ of attachment was levied upon about 200 acres- of land and certain water rights.
Appellant House, by petition, intervened, averring that he was the owner by purchase for a valuable consideration of the attached land under a deed executed by W. W. Woodbridge, dated and recorded May 2, 1900, and had been in possession of the land since that date.
The writ of attachment was levied May 28, 1900.
Issues-as to the indebtedness, the attachment and *526 the petition of intervention, were tried to a jury upon special questions, for answer by “yes” or “no,” a general verdict and general instructions being waived.
The jury answered, that the note had not been paid, that the transfer of the property from W. W. Woodbridge to intervener was not made in good faith and for a valuable consideration, and that such transfer was made to hinder, delay and defraud the creditors of Woodbridge.
Intervener moved for judgment, notwithstanding the verdict, and for a new trial, which motions were overruled and judgment was entered in favor of appellee for the amount due on the note, sustaining the attachment, and that the land attached at the time of the levy of the writ was the property of the defendant, W. W. Woodbridge, and not the property of intervener; that the deed dated May 2, 1900, from W. W. Woodbridge to intervener, purporting to convey the property, was fraudulent and void, and of no effect as against the attachment levy, and dismissed the petition of intervention with costs against the intervener, from which judgment against him intervener appeals.
F. II. Woodbridge is the wife of W. W. Wood-bridge, and the sister of intervener; the note sued on was given by the Woodbridges to J. C. Irving as a part of the consideration for the conveyance by Irving to W. W. Woodbridge of the property levied on by the writ of attachment, which note was due May 10, 1900, and indorsed by Irving to appellee after maturity.
1. The motion for- judgment, notwithstanding the verdict, is based upon the proposition, that the answer to the petition of intervention is fatally defective, in not alleging that the sale of the land was made to hinder, delay and defraud the plaintiff, *527 he hot being the owner of the note in suit at the time of the alleged sale of the land.
Such allegation is not necessary under the statute, which enacts, in substance, that every conveyance of any estate or interest in lands, goods or things in action, made with the intent to hinder, delay or defraud creditors or other persons, shall be void. —Mills’ Ann. Stats., sec. 2030.
In Wilcoxen v. Morgan, 2 Colo. 473, 478, it was held: “Conveyances, voluntary merely, are maintained as against subsequent creditors. A conveyance which is not only voluntary, but animated by a positive and active intent to defraud existing creditors, is void, not only as to these, but as to Subsequent creditors as well. (Citing authorities.) The terms of our statute are quite as broad as thos'e of 13 Elizabeth, c. 5, and this effect has almost everywhere been accorded to it. The authorities cited to the contraij doctrine seem to be opposed to the settled course.”
In Gregory v. Filbeck, 12 Colo. 379, 382, it was held: “To bring a conveyance within the statute it must have been ‘made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands.’- — Gen. St. 1883, sec. 1526.
‘ ‘ The wording of the statute clearly shows that it was not intended to limit the protection thereby given to creditors existing at the time when the conveyance is made. The object of the statute is to protect all persons against conveyances made to hinder or defraud them of their lawful suits, damages, forfeitures, debts or demands. The necessary and material thing to bring a case within the protection of the statute is not that the party invoking its aid should have an existing cause of action or demand at the time the conveyance is made, but that the *528 grantor intended by such conveyance to hinder, delay or defraud creditors or other persons in the manner set forth in the statute. When such intention is made to appear, the conveyance, as between the grantor and the party seeking to. set it aside, is brought within the statute.” See also Burdsall v. Waggoner, 4 Colo. 256.
The statute of Illinois is in effect the Colorado statute above cited.
In Lowentrout v. Campbell, 130 Ill. 503, 508, it was held:
“A conveyance intended to defraud creditors, is voidable not only as to existing, but as to future, creditors.”- — Partridge v. Stokes, 66 Barb. 586; Morrill v. Kilmer, 113 Ill. 318; Shand v. Hanley, 71 N. Y. 319; Horn v. Volcano Co., 13 Cal. 62; Hutchinson v. Kelly, 1 Rob. 123; Stileman v. Ashdown, 2 Atk. 481; Freeman v. Pope (L. R.), 5 Ch. 538.
The ease of Kaufman v. Burchinell, 15 Colo. App. 520, is cited contra.
While it is not apparent from the statement of facts in the opinion, the fraud there considered by the court was the fraud perpetrated by Kaufman and Cohn in securing the signature of Mrs. Soloman to the Kaufman note. The question whether, if the sale of the goods by Mrs. Cohn to Kaufman was with the intent, upon their part, to hinder, delay or defraud creditors, such fraud would be a ground for setting aside such sale, at the instance of indorsee, Jacob, was not ruled.
There was no error in the ruling upon the motion for judgment, notwithstanding the- verdict.
2. Error is assigned upon the ruling upon the motion for a new trial, which motion was upon the ground that the verdict and judgment were contrary to the law and the evidence.
*529 The complaint here is, that the evidence is not sufficient to support the verdict.
The well-settled rule of the appellate courts of this state is, the verdict of the jury upon conflicting evidence is conclusive upon appeal.
An examination of the record discloses ample testimony to support the verdict of the jury in this case.
No error was committed in overruling the motion for a new trial.
3. Several errors are assigned upon rulings as to the admission and exclusion of evidence.
Three issues were tried together, viz: the indebtedness,- the traverse of the attachment, and the issue upon the petition of intervention. It was. impossible to separate the testimony. The evidence admitted over the objection of intervener was competent, material and relevant to prove the main issue.
The other errors assigned upon the exclusion of evidence offered by intervener are so unimportant that they could not have influenced the result.
The intervener has filed in this court his petition, wherein he alleges that since the rendition of the judgment in this case, the defendants have been declared bankrupts, and in April and May, .1901, by the decree of the United States district court for the district of Colorado, were discharged in bankruptcy; that the debt, which was the basis of the judgment in this ease, was proved and allowed in the bankruptcy proceedings, and appellee received his pro rata share of the bankrupt estate, and for this reason intervener asks that the judgment of the -court below be set aside.
We decline to entertain this petition for the purpose of determining the force and effect of the alleged discharge in bankruptcy upon the judgment *530 of the court below against intervener, for the reason that the petition does not disclose the date of the filing of the petition in bankruptcy.
There being no error in the record, the judgment is affirmed. Affirmed.