## No. 13,609.

PEOPLE FOR USE OF NEW MEXICO LUMBER MANUFACTURING COMPANY *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

(52 P. [2d] 1146)

Decided December 9, 1935.

Messrs. BARTELS, BLOOD & BANCROFT, Mr. ARTHUR H. LAWS, Mr. PAUL P. EAGLETON, for plaintiff in error.

Mr. JOHN J. DOWNEY, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter designated as there, or as the Lumber Company and the Fidelity Company respectively.

A trust company had possession of certain horses and harness. These the sheriff seized under execution. The trust company demanded return which was refused. Thereupon this suit was brought against defendant as surety on the sheriff's bond. On trial to a jury plaintiff was nonsuited and defendant had judgment for costs. To review that judgment this writ is prosecuted.

A corporation issued bonds and executed a trust deed to secure them, naming said trust company as trustee. On default the trust company took possession. The property here in question was not covered by the security. Plaintiff contends that it was orally pledged as additional security and thus came into the hands of the trust company. The trustee's claim was for $150,000. The

execution under which the sheriff acted was for a judgment rendered on one of the unsecured debts, of which there were a total of $110,000. The single assignment is the granting of the nonsuit.

■ The complaint makes no mention of the oral pledge and without knowledge thereof no one could spell such a claim out of it. Plaintiff's evidence disclosed this pledge as the sole basis of its right. Hence there was a fatal variance between pleading and proof and plaintiff's title was not established. 27 C. J., p. 849, §809, *Burdsall v. Waggoner*, 4 Colo. 256, 260.

■■ Were this not true the possession of the trust company was not good as against bona fide creditors or innocent purchasers, hence was not good as against the sheriff's execution. The personal property was located on realty covered by the trust deed and notice of the trust company's possession was there posted. This notice, however, referred to the deed as authority for that possession but contained no reference to the oral pledge. Consulting the trust deed one interested would have found there no shadow of right in the trust company's possession. One could make no claim to cattle under a mortgage for sugar beets, and notice of such by reference to the mortgage would nullify the claim. Hence this was no notice. The motion for nonsuit was properly sustained. The judgment is accordingly affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE HILLIARD concur.