No. 14,466.

BAILEY *v.* WILKINSON ET AL.
(86 P. [2d] 603)

Decided January 9, 1939.

Mr. MERRITT D. VONDY, Mr. ALBERT S. FROST, for plaintiff in error.

Mr. JAMES R. HOFFMAN, for defendants in error.

*En Banc.*

MR. JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

A JUDGMENT on the pleadings was entered by the county court on motion of the plaintiffs, defendants in error here, and the defendant, plaintiff in error here, brings it to this court for review.

The action is one of unlawful detainer and was originally brought before a justice of the peace by Wilkinson and Hoffman as plaintiffs against Bailey as defendant, to recover possession of three Denver city lots, one of which is improved, the other two being vacant. The justice gave judgment to the plaintiffs, whereupon the defendant appealed to the county court for a trial de novo, resulting in the judgment on the pleadings.

The complaint contains two alleged causes of action, but the second cause of action, based upon an alleged relation of landlord and tenant between the plaintiffs and the defendant, was abandoned.

As a first cause of action, it is alleged that Wilkinson became owner of the properties by reason of a sheriff's deed recorded April 13, 1938, in the county records; that on said day he conveyed an undivided one-half interest in the properties to Hoffman by warranty deed duly recorded; that on December 31, 1936, the defendant Bailey recorded a warranty deed purporting to convey the properties to his three sisters, resident in the state of South Carolina; that he still occupies and is in possession of the properties; that the plaintiffs have elected to terminate said tenancy (sic) on May 27, 1938, and that demand in writing for possession within three days was served by personal service upon the defendant in Denver on May 24,

1938, a copy of the notice to quit and demand in writing being attached to the complaint; that defendant unlawfully and wrongfully holds possession of the properties without plaintiffs' consent. The prayer is for possession, for costs of suit and such other and further relief as may be proper.

To the allegations in the first cause of action the defendant interposed an answer containing a general demurrer and denying most of the plaintiffs' allegations, but admitting the recording of a sheriff's deed on April 13, 1938, and the recording of a warranty deed from Wilkinson to Hoffman, as well as the recording of a warranty deed from the defendant to two sisters and a niece who are residing in South Carolina, and the service upon him of the notice, a copy of which is attached to the complaint. He alleges that the notice was not served until May 25, 1938, only two days before the date mentioned for vacating.

By sustaining the motion for judgment on the pleadings the county court is deemed to have held that a complete cause of action was stated by the plaintiffs and that no valid issue of fact was undetermined.

On inspection of the statements in the first cause of action, now the only cause of action involved, the insufficiency of it is apparent. There are no allegations from which we could conclude that the lien of the sheriff's deed of April, 1938, related back to a date prior to that of the defendant's recording, in December, 1936, of the deed to his South Carolina relatives, pleaded by the plaintiffs. Without such allegations, and in the absence both of evidence showing the priority of the lien and of the defendant's admission thereof, the court erred in deciding for the plaintiffs. There are not sufficient facts pleaded to justify that decison.

It is true that the copy of the notice and demand attached to the complaint contains certain statements additional to those in the complaint itself; but the only allegation in the complaint is as to the serving of the no-

tice and not as to the truth or falsity of the statements contained in the latter. The contents of the notice do not automatically become affirmative allegations of the complaint. Assume, for instance, that additional statements in such an incorporated notice were false; one who verifies a complaint as such could not be charged with the false statements. The verification of the pleading would cover only the allegations of the complaint itself.

We thus have in the case at bar a complaint which does not, but by proper amendment might, show a prima facie cause of action. We also have before us an answer which, inartificially perhaps, injects an affirmative allegation to the effect that a transfer of title from the defendant to third persons in 1936 occurred prior to the time when a lien purports to have attached to the land on behalf of the plaintiffs. There was an issue of fact undetermined. For this reason also the judgment on the pleadings was clearly erroneous. Whether the complaint, by amendment, may be made to state a prima facie cause of action is another issue, the merits whereof depend upon possible additional allegations and perhaps the treatment thereof in any answer thereto.

If, as a result of such amended pleadings, the defendant can show that he is the tenant of the third persons, and if the plaintiffs fail to show that these third persons held the properties subject to a valid lien which has legally ripened into a valid sheriff's deed, then the judgment would of course be in favor of the defendant. The sheriff's deed has only a prima facie effect. '35 C. S. A., c. 93, §54.

As the record stands, the judgment of the county court must be reversed and the case remanded with directions to permit the parties to amend their pleadings if they so desire, and to proceed accordingly.

Judgment reversed with directions.

Mr. Justice Holland not participating.