## No. 14,660.

BAILEY *v.* HOFFMAN ET AL.

(96 P. [2d] 412)

Decided November 13, 1939.   Rehearing denied December 4, 1939.

Mr. MERRITT D. VONDY, Mr. ALBERT S. FROST, for plaintiff in error.

Mr. JAMES R. HOFFMAN, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter designated as there, or by name.

This is an action in unlawful detainer. It was heretofore before us and was reversed and remanded with directions to permit amendment of the pleadings. *Bailey v. Wilkinson,* 103 Colo. 405, 86 P. (2d) 603. That opinion should be read in connection herewith since the facts are there fully stated and we find it unnecessary now to repeat them.

The complaint was amended as directed, alleging inter alia, that a conveyance by Bailey to his sisters, under whom he claimed to hold, was without consideration, in fraud of creditors, and rendered Bailey insolvent. The cause was tried to the court and judgment entered for plaintiffs. To review that judgment this writ is prosecuted and a supersedeas requested. The solution is simple and we elect to finally dispose of the cause on this application.

The seven assignments are involved, argumentative, and not easily untangled. We assume however that they raise the questions of the sufficiency of the statement of a cause of action, the sufficiency of the evidence, the propriety of an order permitting amendment of the complaint, improper joinder of causes of action, defective parties, and prayer for the wrong relief.

A cause of action for unlawful detainer is clearly stated. The evidence overwhelmingly supports the judgment. Some immaterial matter, wholly without prejudice, was included in the amendment. If an attempt to try title can be spelled out of this complaint the court ignored it. The alleged defect of parties was for failure to join Bailey's grantees, but since their title was neither involved nor adjudicated their presence was useless. The prayer contains nothing either objectionable or inconsistent.

June 30, 1936, Wilkinson sued Bailey on his bond, and December 31 following Bailey deeded to his sisters for

the consideration of "love and affection." If that deed was in fraud of plaintiffs, as the trial court found, it afforded Bailey no defense. We are not now concerned with the alleged title of the sisters, save as it does or does not protect Bailey's possession. They are not parties here and this judgment does not bind them. Hence we notice neither the filing and recording of the bond, August 7, 1935, nor the filing of a lis pendens, September 26, 1936. The question of fraud was not in the pleadings when the cause was formerly before us, hence was not touched upon in our opinion. With that question out, and most of defendant's argument ignores it, Bailey would of course prevail.

■■ A conveyance by a debtor, without consideration, in fraud of creditors, and which renders the former insolvent, is no conveyance so far as the debtor is concerned. *Wilcoxen v. Morgan,* 2 Colo. 473; *Mulock v. Wilson,* 19 Colo. 296, 35 Pac. 532. Bailey, when he attempted to justify his possession under authority of his grantees, had the burden of showing their title. In that he completely failed. *Hogan v. Harley,* 90 Mass. 525.

■ True, caveat emptor applies to an execution sale and the purchaser gets only such title as the judgment debtor had; if none, he gets none. But the rule furnishes no cloak for a fraudulent transfer. If the debtor attempts that disguise the sale strips it from him.

This is a simple case in which defendant became surety on a replevin bond in favor of Wilkinson. The latter had judgment thereon and Bailey, in a ruse to defeat his liability, deeded to his sisters, without consideration and without their knowledge. He remained in possession, kept up the property, paid the taxes and claims to be their tenant. A palpable fraud on these plaintiffs as the trial court found.

The judgment is affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Bakke concur.