NEUMAN ET AL. V. DREIFURST ET AL.

1. In the absence of a provision in a written contract to pay interest at the rate of two per cent. per month, statutory interest only can be recovered.

2. Where no provision is made in a written agreement that the indebtedness of a party should be secured by a lien on his or her interest in the property, evidence of a contemporaneous parol agreement to that effect is inadmissible.

3. An action by a tenant in common against a co-tenant, for contribution for improvements, does not lie, except upon an agreement to contribute.

4. Where a bill is brought to set aside a conveyance, it is in the nature of a creditor's bill, and cannot be maintained before judgment.

*Error to County Court of Clear Creek County.*

THE complainant, in substance, alleges: That the plaintiffs and defendant Lizzie Neuman were the owners of a certain mining claim known as the "Atlantic Lode," and that plaintiffs and said last-named defendant owned said lode in proportion as follows: John Dreifurst, an undivided one-third; Ben Werner, an undivided one-third; John Bernhardt, an undivided one-sixth; and defendant Lizzie Neuman an undivided one-sixth; that for the purpose of working and mining said lode in the most economic and miner-like manner, and to develop the same, it became necessary to drive a tunnel to intersect the vein of said lode; that in order to procure the necessary means for driving said tunnel it was necessary, and was so agreed by the owners, to mortgage said lode, and it was further agreed that the said owners would all enter into said mortgage; that pursuant to said agreement, sometime in December, 1878, the plaintiffs borrowed the sum of $1,100 for the purpose of driving said tunnel, but said defendant Neuman refused to enter into said mortgage with her co-owners to secure said loan; that said plaintiffs then executed and delivered their mortgage to secure said loan upon the undivided five-sixths of said Atlantic lode; that plaintiffs then drove said tunnel, and expended in so doing the sum of $1,100, and were compelled to further borrow the sum of $600 to complete said tunnel; that the plaintiffs then gave their mortgage on the undivided five-sixths of said mining lode for the sum of $1,700, which said last mentioned sum included both loans, and that the said mortgage bore interest at the rate of two per cent. per month; that at the making of each and all of said loans said defendant Lizzie Neuman promised and agreed to and with said plaintiffs to bear and pay her proportional share thereof, as well as the interest accruing thereon, and all other necessary expenses pertaining thereto; that plaintiffs drove the tunnel as an improvement and development of said Atlantic lode, and afterwards had an

accounting with defendant Neuman, when she was found to owe plaintiffs the sum of $646.37, and she agreed that this indebtedness should be a lien on her interests until it was paid, "and that said sum should be paid and discharged out of her (the said Lizzie Neuman's) interest, out of any royalty for mineral taken from said Atlantic lode;" that in pursuance of said verbal agreement, so entered into as last herein set forth, said Lizzie Neuman, on the 11th day of March, 1882, executed and delivered to plaintiffs her contract or agreement in writing, in words and figures as follows, to wit:

"Whereas, the owners, John Dreifurst, Ben H. Werner and John Bernhardt, have heretofore run the Atlantic tunnel for the purpose of intersecting and developing the Atlantic lode, on Sherman mountain, Clear Creek county, Colorado; and that there is now an indebtedness on said tunnel amounting to each sixth interest in said tunnel and lode of the sum of $646.37: now, therefore, I, Lizzie Neuman, being the owner of one-sixth interest in said Atlantic lode, do hereby agree with the other co-owners that the royalty derived from the leasing of said lode, to whoever may lease the same, shall first be paid and applied towards the payment of such indebtedness, to the extent of my sixth interest.

[Signed]                    "LIZZIE NEUMAN.
"Georgetown, March 11, 1882."

That the loans made by plaintiffs, and secured by the said mortgages, bore interest at the rate of two per cent. per month; that defendant's *pro rata* share of this interest was $5.66 per month, from the date of the mortgages to the present time, and that this interest was laid and paid out by plaintiffs for said defendant; "and in the month of July, 1882, plaintiffs paid the tax for said Atlantic lode, the *pro rata* share of which to each sixth interest was $1.54, whereby said Lizzie Neuman became indebted to plaintiffs in the further sum of $1.54, her share of said taxes, and that the total indebtedness of

said Lizzie Neuman, being interest and taxes aforesaid, is the sum of $69.54;" that from March 10, 1882, the said lode produced $963.40, from which the one-sixth interest of Lizzie Neuman was applied in pursuance of the above contract; that the balance due from Lizzie Neuman is $555.37; that defendants combined and confederated to cheat and defraud plaintiffs, by defendant Lizzie Neuman, on March 15, 1883, making and delivering to her co-defendant (Anton Schueler) herein a warranty deed, conveying the lode mentioned in the contract, and conveying to him a one-third interest therein, for a consideration stated in the deed of $600; that said conveyance was fraudulent, colorable, and without consideration, and that said grantee knew it was given in fraud, and to cheat and defraud plaintiffs. Prayer (1) for judgment; (2) that a lien be granted on the lode; (3) that Schueler's deed be declared null and void; (4) that said lien be enforced against said property. General and special demurrer filed to complaint. Motion filed by plaintiffs for leave to strike out of paragraph 6, all relating to taxes, allowed. Judgment of the court overruling the demurrer. Decree in accordance with the prayer of the bill.

Mr. W. T. HUGHES, for plaintiffs in error.

Messrs. THOS. J. CANTLON and C. C. POST, for defendants in error.

ELBERT, J. This is an action by tenants in common against a co-tenant for contribution, upon an alleged agreement to contribute for improvements. The allegations of the complaint show plaintiffs entitled to judgment against the defendant for her *pro rata* share of the expense of driving the tunnel. To this extent the complaint states a cause of action. The liability of the defendant rests on an alleged promise to contribute, made prior to the commencement of the work in 1879. While, by the terms of the agreement of March 11, 1882, certain

royalties coming to the defendant are to be applied in payment of the amount due, there is no agreement upon the part of the plaintiffs, either express or implied, to look to this fund exclusively for payment. It was still competent for them to sue at any time upon the original promise to contribute for the amount admitted to be due March 11, 1882. The agreement of March 11th appears to be the result of an accounting at that date of expenses incurred in driving the tunnel, and by it the defendant in this behalf admits an indebtedness to the plaintiffs of $646.37. For this amount, less the proper credits, the plaintiffs were entitled to judgment, with statutory interest from the date of settlement. Gen. Laws, 513. This settlement must be taken to have included all interest due the plaintiffs up to that date. If there was an agreement to thereafter pay two per cent. on the amount found due, it should have been provided for in the written contract. In the absence of any such provision, statutory interest only can be recovered. It was error for the court to allow interest at the rate of two per cent.

The court also erred in decreeing a lien on the lode. There is no provision in the agreement of March 11th that the indebtedness of defendant shall be secured by a lien on her interest in the lode, and evidence of a contemporaneous parol agreement to that effect, as alleged in the complaint, would not be admissible. An action by a tenant in common against a co-tenant for contribution for improvements does not lie, except upon an agreement to contribute. Washb. Real Prop. *421. In partition, it is true, courts will adjust the equities of the parties in this behalf, and in other cases a lien has been raised as against other creditors, but we fail to find any case like the one at bar where a lien has been decreed. The indebtedness here arises upon contract, and stands upon the same footing as any ordinary indebtedness arising *ex contractu*, with respect to which the creditor must pursue his remedy at law, and to secure which a court should

not go outside of the contract of the parties, and decree *ex æquo et bono* a lien on the estate of the debtor.

A further objection to the complaint lies in the fact that it seeks to set aside the conveyance by the defendant Neuman to the defendant Schueler.   In this respect the complaint is in the nature of a creditor's bill, which cannot be maintained before judgment.   *Burdsall v. Waggoner*, 4 Colo. 256; *Allen v. Tritch*, 5 Colo. 222.   In the meantime the attachment act affords the plaintiffs a remedy against any fraudulent transfer.

The judgment of the court below is reversed and the cause remanded, with directions to dismiss the complaint as to the defendant Schueler, and with leave to plaintiffs to file an amended complaint.

*Reversed.*