STEEL RAIL SUPPLY CO. v. BALTIMORE & L. RY. CO.

(Circuit Court of Appeals, Third Circuit. June 8, 1904.)

No. 12.

**1.** ERROR — PRESENTATION OF QUESTION TO LOWER COURT — EXCEPTION TO CHARGE.

An exception to "so much of the charge of the court as states to the jury that the only question for the jury to consider is [a question stated]" will not support an assignment of error based on the failure of the court to submit to the jury a certain other question, as to which no instruction was requested, and which was not called to the court's attention.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

See 123 Fed. 655, 59 C. C. A. 419.

Joseph S. Clark, for plaintiff in error.
Leoni Melick, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This case was before us upon a former writ of error sued out by the plaintiff below to reverse a judgment in favor of the defendant entered upon a reserved question non obstante veredicto. This court reversed that judgment, and directed the court below to give judgment in favor of the plaintiff upon the verdict. Baltimore & Lehigh Railway Co. v. Steel Rail Supply Co., 123 Fed. 655, 59 C. C. A. 419. Judgment having been entered in the court below in accordance with our mandate, the defendant then took the present writ of error.

Our former opinion recited with fullness the facts of the case as shown by the evidence, and it is not necessary to restate them here.

The defendant did not ask the court below to give any special instructions whatever to the jury, but simply requested the court to charge the jury "that, under all the evidence in the case, the verdict must be for the defendant." The court reserved the question involved in this request or point, and submitted the case to the jury upon very full instructions as to the rights and duties of the parties, respectively, under the contract sued on. The only exception taken by the defendant was in the following words:

"Defendant excepts to so much of the charge of the court as states to the jury that the only question for the jury to consider is whether the railroad company had performed its duty."

Upon this exception we are asked by the plaintiff in error (the defendant below) to reverse the judgment entered pursuant to our mandate because the court below did not submit to the jury the question as stated in one of the assignments, "whether the evidence showed a mutual cancellation of the contract for the purchase of the plaintiff's rails," or, as stated in another of the assignments, "whether the evidence showed that the plaintiff assented to the defendant's offer to cancel the contract for the purchase of the plaintiff's rails."

Is the exception relied on sufficient to justify the reversal of the trial judge for his supposed error in not submitting to the jury the question of the cancellation of the contract in suit? There was, be it observed, no request for any instruction upon that subject; nor was it suggested to the court that the question whether the parties had canceled the contract was for the consideration of the jury, or should be submitted to the jury. From the vague language of the exception, how could the judge tell what was in the mind of counsel? If the defendant's counsel thought that the question of cancellation should be submitted to the jury, fairness to the trial court required that such omission should be distinctly brought to the attention of the court. In Harvey v. Tyler, 2 Wall. 328, 339, 17 L. Ed. 871, the Supreme Court, speaking by Mr. Justice Miller, declared that:

"Justice itself, and fairness to the court which makes the rulings complained of, require that the attention of that court shall be specifically called to the precise point to which exception is taken, that it may have an opportunity to reconsider the matter and remove the ground of exception."

By repeated decisions the Supreme Court has enforced this rule. In Express Company v. Kountze Bros., 8 Wall. 342, 353, 19 L. Ed. 457, Mr. Justice Davis, speaking for the court, said:

"If the charge does not go far enough, it is the privilege of counsel to call the attention of the court to any question that has been omitted, and to request an instruction upon it, which, if not given, can be brought to the notice of this court if an exception is taken. But the mere omission to charge the jury on some one of the points in a case, when it does not appear that the party feeling himself aggrieved made any request of the court on the subject, cannot be assigned for error."

The trial court is entitled to a distinct specification of the matter, whether of fact or law, to which objection is made, and an exception to "all and each part" of the charge gives no information as to what

is in the mind of the excepting party, and therefore gives no opportunity to the trial court to correct any error committed by it. Block v. Darling, 140 U. S. 234, 238, 11 Sup. Ct. 832, 35 L. Ed. 476.

An exception that the court did not charge either of 18 enumerated requests for special instructions, except as it had charged, is an insufficient exception. Chateaugay Iron Company v. Blake, 144 U. S. 476, 12 Sup. Ct. 731, 36 L. Ed. 510.

In Texas & Pacific Railway v. Volk, 151 U. S. 73, 78, 14 Sup. Ct. 239, 38 L. Ed. 78, the Supreme Court, speaking by Mr. Justice Gray, who quoted the language of Mr. Justice Story in Pennock v. Dialogue, 2 Pet. 1, 15, 7 L. Ed. 327, said:

"It is no ground of reversal that the court below omitted to give directions to the jury upon any points of law which might arise in the case, when it was not requested by either party at the trial. It is sufficient for us that the court has given no erroneous directions. If either party deems any point presented by the evidence to be omitted in the charge, it is competent for such party to require an opinion from the court upon that point. If he does not, it is a waiver of it."

In Allis v. United States, 155 U. S. 117, 122, 15 Sup. Ct. 36, 39 L. Ed. 91, it was declared that:

"A party must make every reasonable effort to secure from the trial court correct rulings, or such, at least, as are satisfactory to him, before he will be permitted to ask any review by the appellate tribunal; and, to that end, he must be distinct and specific in his objections and exceptions."

In Backus v. Fort Street Union Depot Co., 169 U. S. 557, 575, 18 Sup. Ct. 445, 42 L. Ed. 853, the Supreme Court, replying to the complaint that the court below had not charged more specifically on the subject of damages, said:

"A sufficient answer is that the respondents did not ask further instructions. All they did was to except to what had been stated. By well-settled rules, no appellate court would, under such circumstances, be required to set aside the judgment of the trial court."

In Humes v. United States, 170 U. S. 210, 211, 18 Sup. Ct. 602, 42 L. Ed. 1011, the Supreme Court again said:

"We cannot regard as error the omission of the court to give instructions which were not asked."

We think that the exception here taken by the defendant below was insufficient, in that it failed to state or intimate what other questions or question should be submitted to the consideration of the jury, and did not afford the trial court an opportunity to remove the ground of exception.

As the foregoing views require the affirmance of the judgment brought up for review by this writ of error, we are relieved from any further discussion of the case. The said judgment is affirmed.