[No. 5428.]
[No. 3086 C. A.]

THE NATIONAL AUTOMATIC FURNACE COMPANY ET AL.
v. WILMER.

1.  Appellate Practice—Joint Assignments of Error—Parties Af-
fected Severally.

Where errors affect the parties severally and not jointly, each
party must assign errors, for a joint assignment will not permit
one of several parties to avail himself of errors on rulings affect-
ing him alone.—P. 314.

2.  Same.

In a joint and several action against a corporation, its presi-
dent, and others, as makers of a note, an assignment of error
that there was a material variance between the complaint and
evidence which sought to charge the president with liability as
maker, is not available on a joint appeal and a joint assignment
of error by the corporation and its president.—P. 315.

3.  Same—Questions Not Presented in Trial Court.

A question not presented to, nor passed upon by, the trial
court will not be considered on appeal.—P. 315.

*Appeal from the County Court of the City and County
of Denver.*

*Hon. Ben. B. Lindsey, Judge.*

Action by W. E. Wilmer against The National
Automatic Furnace Company, a corporation, C. C.
Wilson, and three others.   From a judgment for
plaintiff against defendant company and C. C. Wil-
son, they appeal.                            *Affirmed.*

Mr. N. Q. TANQUARY, for appellants.

Mr. J. E. ROBINSON, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of
the court:

This was an action by appellee, plaintiff below,
against appellants and three others, upon a promis-
sory note.

It appears from the complaint, that the note was
the joint and several note of appellant corporation

and three other defendants; that at the maturity of the note appellant Wilson, who was the president of the corporation, executed the note as a maker, in consideration of an extension of the time of payment, and agreed to pay the note at the expiration of the extension.

Appellants' joint and several answers admitted the execution of the note by the corporation, substantially denied all other allegations of the complaint and set up, as affirmative defenses, a failure of consideration, and that the note was executed by the corporation in fraud of appellants' rights.

A trial to the court without a jury resulted in a finding in favor of appellee and against appellants, no evidence having been offered in the court below by the appellants or either of them.

A joint motion for a new trial was filed by appellants, which, being denied, judgment was rendered against appellants for the amount of the note and interest; a joint appeal was prayed by appellants and allowed; a joint appeal bond was filed by them and they file their joint assignments of error.

The only assignments of error discussed by counsel for appellants are the second and fourth.

The second assignment of error is based upon the proposition that there was a material variance between the complaint and the evidence adduced at the trial, which sought to charge appellant Wilson with liability as a maker of the note. It is evident that if the error assigned was committed, it affects appellant Wilson alone.

"Where several parties unite in one assignment of errors they will encounter defeat, unless the assignment is good as to all. If the errors affect the parties severally and not jointly, the proper practice is for each party to assign errors, for the rule is well settled that a joint assignment will not permit one of

several parties to avail himself of errors alleged upon rulings which affect him alone and not those with whom he unites in the assignment.

"The rule that a joint assignment of error must be good as to all who unite in it, is in harmony with the general principle of pleading which requires a demurrer, an answer, or a motion, to be good as to all who join in it."—Elliott Appellate Procedure 318; 2 Cyc. 1003, and cases cited; 2 Enc. Pl. & Pr. 933, and cases cited.

The rule above stated is peculiarly applicable to this case.

No attempt was made at the trial to establish a defense for the appellant corporation. There is no pretense upon the part of appellants, if error there be, in the error assigned, of any injury thereby to the appellant corporation. Injury must result from the error complained of to the party complaining, to effect a reversal of the judgment of the court below.

Joining the corporation with himself in this appeal, appellant Wilson protected it against the execution of a just judgment against it.

If he had felt aggrieved at errors committed against himself, the action being joint and several, the code provides a method by which he might have had such errors reviewed and corrected, if they existed.

The fourth assignment of error is, that the court erred in entering final judgment against appellants without having disposed of the issues raised by the answer of the other three defendants.

This question was not presented to or passed upon by the court below, and under the well settled practice of this court, will not be considered.—*Marrean v. Stanley*, 21 Colo. 43.

The judgment will be affirmed.   *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.