[No. 6288.]

## McKnight et al. v. McKnight.

1. **Appeals—Writs of Error—Joint Assignments of Error—** Where two unite in the same writ of error, they may assign error only upon so much of the decree, as affects them jointly.—(63)

2. **Jurisdiction—Of County Court—**Where the wife, praying divorce and alimony, joins as defendant a third person to whom the husband has conveyed lands, the conveyance being alleged to be fraudulent, and intended merely to defeat the wife's alimony, the jurisdiction of the court as to this phase of the controversy depends upon the value of the property; and where that exceeds two thousand dollars, the county court has no jurisdiction.—(63)

3. **Fraudulent Conveyances—Evidence—**A conveyance is not to be vacated as fraudulent, at the suit of a creditor, unless the evidence establishes not only the fraudulent purpose of the grantor, but the complicity of the grantee. A conveyance of land by a son to his mother was assailed by the son's wife in her suit for divorce, as fraudulent and intended to defeat her alimony. The evidence showed that the land had been in fact purchased by the mother with her own money, that the conveyance to the son was by mutual arrangement, and for convenience merely. The deed, though not acknowledged or recorded until shortly before the institution of the wife's suit, was in fact executed several months previous thereto, and so far as appeared was accepted by the mother without any knowledge, on her part, that the wife contemplated the action afterwards instituted, or that there was any purpose on the part of the son to defraud his wife. A decree vacating the conveyance as a fraud upon the wife, was reversed.—(63, 64)

4. **Joinder of Parties**—Whether the wife suing for divorce and alimony may join as defendant a third person, upon allegation that the husband has fraudulently conveyed his property to such other defendant in order to defeat the alimony, praying the annulment of such conveyance, quære.—(65)

*Error to Denver County Court*—Hon. Chas. McCall, Judge.

Mrs. C. Leona McKnight brought this action to obtain a decree dissolving the marriage relation existing between herself and Frank T. McKnight, one of the defendants. Her husband filed his answer, which consisted of a general denial and a counter-claim or cross-complaint, in which he asked for a divorce from her. Before the trial of the action, plaintiff obtained an order of court, over defendant's objection, for leave to file an amendment to the complaint, and to bring in a new party defendant, Anna L. McKnight, the mother of Frank T. McKnight. This amendment to the complaint was filed, and in substance is that a few days before this action was instituted the defendant husband transferred certain real estate to his mother, with the intent to hinder and delay and defraud the plaintiff in collecting an anticipated judgment for alimony in her favor. The relief asked against the two defendants was that the deed be set aside and held for naught, and the premises conveyed be held subject to the decree for alimony. The defendants separately demurred to the amendment to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that the court had no jurisdiction in the premises, there being no allegation therein that the value of the property involved was not in excess of two thousand dollars, which, under our constitution and statute, is, in civil actions, the limit of the jurisdiction of the county court, in which this action was pending. The

court overruled the demurrers, and separate answers were filed denying the alleged fraud. The issues as to the divorce causes of action, and the issue of fraud under the amendment to the complaint, were tried by the court and submitted to the jury at the same time, over defendants' objection, they insisting that the latter should be postponed until after the trial of the former. The verdict of the jury was in favor of the plaintiff wife, under her complaint; and against the defendant husband, under his counter-claim or cross-complaint. The jury answered special interrogatories submitted to them by the court, saying that there was no consideration for the conveyance, and that the same was made by Frank T. McKnight and accepted by defendant Anna L. McKnight, with intent to hinder, delay and defraud plaintiff. Upon these findings the court entered a decree dissolving the marriage relation between husband and wife, made an award of alimony against him and in her favor in the sum of one thousand dollars, set aside the conveyance as fraudulent, and made the judgment for alimony a lien upon the undivided half-interest therein which it found belonged to defendant Frank T. McKnight. From the decree thus entered defendants sued out this joint writ of error.

Mr. Albert L. Vogl and Mr. Carle Whitehead for appellant.

No appearance for appellee.

Mr. Justice Campbell delivered the opinion of the court:

This being a joint writ, plaintiffs in error are in position to be heard only upon that portion of the decree, and such of the rulings of the court, as affect them jointly. They are not jointly interested in the

decree of divorce or in the award of alimony. The only part of the decree which affects them jointly, and concerning which they have a right to be heard, is that which set aside the conveyance as fraudulent and made the judgment for alimony a lien upon a half-interest in the included property. We are thus relieved of the necessity of considering most of the questions argued by counsel, which relate to the divorce proceeding proper, and are confined to a review of that branch of the case relating to the conveyance. We proceed, therefore, to determine the pertinent errors assigned thereto.

Though the amendment to the complaint contains an allegation that the relief sought is under $2,000, it is doubtful if such an averment, which plainly refers to a judgment plaintiff asks as alimony, shows that the court had jurisdiction of the controversy over the property conveyed, as there is no allegation that its value does not exceed the sum of two thousand dollars. If the value of the property is the test of the jurisdiction, and this apparently was admitted, the court did not have it; because, even if the pleading had the proper jurisdictional averment, the proof is that the property exceeded in value $4,000.00, and such proof is sufficient to divest jurisdiction, which, if the proper averment was in the complaint, conferred it in the first instance. The jurisdictional defect, therefore, makes void the decree of the court which set aside the conveyance and annuled the deed.

Aside from the want of jurisdiction, the amendment to the complaint does not state a cause of action; and, if it did, the proof is wholly insufficient to sustain the allegation of fraud. The pleading does not charge, nor does the proof show, that the grantee had knowledge of, or participated in, the alleged fraudulent intent of the grantor. The only

evidence produced by plaintiff upon the issue of fraud is that at one time defendant husband stated that this property "stood in his own name," at another time that he claimed to own a half-interest in it, and afterwards that he conveyed it to his mother. The deed, which recites a good consideration, though not acknowledged or recorded until a short time before this action was begun, was dated several months before that time, and was actually delivered, as of its date, to, and continuously held by, the grantee. The court should have granted defendant's motion for a nonsuit, as to the fraud issue, at the close of plaintiff's evidence.

Defendant's evidence on this issue did not aid plaintiff's case. Indeed it showed, without contradiction, that the property in controversy was bought by the mother, and all of the purchase price that was paid therefor was her money. Title was taken in the name of her son for convenience and by mutual arrangement. He was her only child and in case of her death would be her sole heir at law. She was quite willing that he should have the property, and it was her intention, after the marriage of her son with the plaintiff, that he should have the control and disposition of it. There is not a particle of evidence that at the time defendant, Mrs. McKnight received the deed, she knew that this divorce action was contemplated, or that there was any intent on the part of the grantor to commit a fraud on the plaintiff, or that she participated in it. On the contrary she, as grantee, took this conveyance, believing and, as she says, knowing that the deed merely evidenced what the fact really was, that the property was hers. She assumed and agreed to pay the existing encumbrance thereon, amounting to more than $2,500.00. We cannot uphold the findings or decree as to this conveyance. They are not

sustained by any evidence at all, even by any legitimate inference or conjecture. The defendant in error has not appeared and we have not had the benefit of her counsel's brief, and so do not know upon what theory, or by what line of authority, he seeks to uphold this branch of the decree.

The sole object of the amendment to the complaint was to set aside an alleged fraudulent conveyance of real property, so that it might become subject to a possible judgment for alimony which plaintiff might recover in the action. The doctrine in this state is that before a creditor will be permitted to go into equity to set aside a fraudulent conveyance, he must first have recovered a judgment. — 5 Enc. P. & P., p. 469; *Barnes v. Beighly,* 9 Colo. 475; *Neuman v. Dreifurst,* 9 Colo. 228; *Burdsall v. Waggoner,* 4 Colo. 256, and *Allen v. Tritch,* 5 Colo. 222. Canceling a fraudulent conveyance is an exercise of equity jurisdiction. Whether this doctrine militates against the joining in a divorce action, as was done here, the ancillary cause of action to set aside an alleged fraudulent conveyance of the defendant therein, we are not required to say. There was no demurrer on the ground of misjoinder of parties defendant, or of improper uniting of causes of action, and the improper misjoinder and uniting, if any, appeared on the face of the amendment. In discussing this point in 7 Enc. P. & P., p. 83, at note 2, it is said that "In the same petition the wife may ask for divorce and alimony, and also allege all the facts necessary to sustain a creditor's bill to set aside a conveyance made by the husband to defeat her claim for alimony"; and to this proposition cases are cited from other jurisdictions. But regardless of the propriety or impropriety of the practice here pursued, and sanctioned by the trial court, and assuming for our

(5)

present purpose, though we do not so decide, that it is permissible, a case quite in point, *Phillips v. Phillips*, 30 Colo. 516, shows the palpable insufficiency of the proof on the merits. Steele, J., in his opinion in that case, said that where a husband had, as it was charged, made a conveyance for the purpose of injuring the wife, there must be a participation in the fraudulent conduct by the grantee. There is an entire absence of any such evidence here, as well as a lack of proof that the husband himself was guilty of the fraud charged. It follows that the part of the decree setting aside the conveyance must be, and it is, reversed, and the cause must be dismissed as to defendant Anna L. McKnight. Other portions of the decree, affecting defendant Frank T. McKnight alone, are not changed by our decision, but will stand as rendered.

*Affirmed in part and reversed in part, and cause remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.

Decided July 6, A. D. 1910; rehearing denied Nov. 14, A. D. 1910.