No. 9495.

STERNBERGER, ET AL. *v.* CONTINENTAL MINES POWER & REDUCTION COMPANY.

1. STATUTORY PROCEEDING—*Sufficiency of Statute.* It is sufficient for any proceeding that it is authorized under any statute relevant thereto.

2. EMINENT DOMAIN—*Order for Possession,* in the first instance, even if in violation of the constitution, does not vitiate the subsequent proceedings, if regular, unless it appears that such order injuriously affected the rights of respondents.

3. *Practice and Error—Record.* The questions as to which there is no evidence in the record will not be considered.

4. ——*Brief.* Counsel commended for the brevity and lucidity of the brief.

*Error to Clear Creek District Court, Hon. H. S. Class, Judge.*

*En Banc.*

Messrs. TOLLES & COBBEY, for plaintiffs in error.

Messrs. MORRISON & DE SOTO, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

THE defendant in error brought its petition below, under the eminent domain acts, to condemn a right of way across land of plaintiffs in error, respondents below, to erect poles, wires, etc., for an electric power line. There is some dispute as to whether the petitioner proceeded under S. L. 1907, ch. 125 (p. 282) approved Apr. 9, or ch. 175 (p. 385), approved Apr. 2, but as we view the case it is immaterial

which. It is sufficient for any proceeding if it be lawful under any of the laws relevant thereto.

The court entered an order, before service of summons and without notice to respondents, permitting petitioner to take possession of the right of way. This is assigned as error on the ground that the order itself and the statutes permitting it (if they do permit it) (S. L. 1907, p. 386, § 6 and R. S. 1908, § 2420) are in violation of the constitutional requirement of due process of law, because they do not require notice and respondents had no notice, and of the prohibition of the taking of property for public use without just compensation, because possession was taken before compensation was paid or ascertained.

Whether such an interlocutory order violates the constitutional provisions or not, it does not vitiate the rest of the proceedings for condemnation; and if in those proceedings, respondents have, as in this case, had notice and have had their compensation judicially ascertained, the case will not be reversed because of such order, unless it be shown that it has injuriously affected their rights upon the merits. *Colo. F. & I. Co. v. Four M. Ry. Co.,* 29 Colo. 90, 66 Pac. 962; *Lavelle v. Julesburg,* 49 Colo. 290, 112 Pac. 774; See also *McClain v. People of Colo.,* 9 Colo. 191, and *San Luis Co. v. Canal Co.,* 3 Colo. App. 244, 32 Pac. 860.

No such injury is shown here. On the contrary, the respondents appeared and contested the case, the deposit of $150, required by the court on granting possession, was, on their motion, enlarged to $650, and commissioners, after much evidence on both sides, duly fixed the damage at $301.20.

The question is raised as to the right of the petitioner to exercise the power of eminent domain. That question was tried and determined for the petitioner; the evidence upon that point, however, is not in the record and nothing in the record shows this decision to be erroneous, so we must let it stand. The same is true as to the question of the amount of compensation.

We wish to commend counsel for defendant in error for the brevity and clearness of their brief.

The judgment should be affirmed.

Decided Jan. 5, 1920.  Rehearing denied Feb. 2, A. D. 1920.