[No. 2430]

G. BRALIS, RESPONDENT, v. ALEX FLANGES, GUST FLANGES, ALEX SARRIS, AND ANGELAS KANELOS, DOING BUSINESS UNDER THE NAME OF MOTHERS' BAKING COMPANY, APPELLANTS.

[199 Pac. 475]

1. APPEAL AND ERROR—FINDING SUSTAINED BY SUBSTANTIAL EVIDENCE NOT DISTURBED.
    In an action against members of a partnership to recover money paid to a third person at their request, where there was substantial evidence to sustain the finding for plaintiff both as to the advancement of the money and the partnership character of the transaction, it cannot be disturbed.

2. APPEAL AND ERROR—IN ACTION AGAINST PARTNERSHIP, QUESTION OF WANT OF AUTHORITY OF PARTNERS NOT CONSIDERED WHEN NOT RAISED BELOW.
    In an action against the members of a partnership for money paid to a third person at the request of two of the partners, where the case was tried on the theory that none of the partners ever had any such transaction with plaintiff as was alleged by him, and the question of want of authority in the partners to bind the partnership was not raised, it will not be considered when raised for the first time in the supreme court.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Action by G. Bralis against Alex Flanges and others, doing business as the Mothers' Baking Company. From a judgment for plaintiff and an order denying a new trial, defendants appeal. **Affirmed.**

*Charles A. Whiteley,* for Appellants:

To hold one liable in an action for money paid, payment must have been made to his use, and at his request, either express or implied, and the complaint must so allege. 27 Cyc. 841; Huguet v. Owen, 1 Nev. 464.

Partnerships are not bound by every contract of purchase made by an individual member. If purchases are not within the apparent scope of the firm's business, the partnership will not be liable. 30 Cyc. 492; Story on Partnerships, secs. 110, 113; Western State Co. v. Walker, 2 Iowa, 504; 20 R. C. L. 884.

*J. M. Lockhart,* for Respondent:

The trial court having found, as a fact, under the evidence submitted, that the transaction did take place, and that it was copartnership transaction, the finding will not be disturbed on appeal. The appellate court will not disturb a finding based upon conflicting evidence. Roney v. Buckland, 4 Nev. 45.

Contracts not binding must be clearly outside the scope of the partnership business. Western State Co. v. Walker, 2 Iowa, 504.

An indebtedness incurred in a firm name is legally presumed to be for a partnership purpose, and the burden of proof is upon the partnership to establish the contrary. Davis v. Cook, 14 Nev. 265; Holdeman & Grubb v. Bank of Middleton, 70 Am. Dec. 142; Hamilton v. Sumner, 54 Am. Dec. 574; Carrier v. Cameron, 31 Mich. 373; Bank v. Grignon, 65 Pac. 365; Rich v. Davis, 4 Cal. 22.

Plaintiff was dealing with the two active working members of the firm, and had the right to rely upon their word and promise.

By the Court, DUCKER, J.:

This is an action for money paid at defendant's request. The parties will be referred to as they stood in the lower court.

On the 15th of December, 1918, at Ely, White Pine County, Nevada, defendants were doing business as copartners under the name of Mothers' Baking Company. It is alleged in the amended complaint that on that date at said place plaintiff, at the special instance and request of defendants, as such copartners, advanced and paid from and out of his own personal funds to one J. O. McIntosh, then and there doing business in said Ely under the name of the Olympic Liquor Company, the sum of $474; the defendants promised as such copartners to pay the same to plaintiff; that plaintiff has demanded payment of said sum, but the same has not been paid. The answer to the amended complaint denies that plaintiff advanced and paid the sum of $474 to said J. O. McIntosh at the special instance and request of defendants as such copartners, and that defendants promised to pay the same.

The case was tried before the court without a jury, and judgment rendered in favor of plaintiff in the sum of $474 and costs. A motion for a new trial was denied by the court, From the judgment and order denying the motion for a new trial this appeal is taken.

Defendants claim that the evidence is insufficient to support the decision. There is a sharp conflict in the testimony of the witnesses. Plaintiff, testifying in his own behalf, said that on the morning of the 15th of December, in the defendants' shop, two of the partners, Alex Flanges and Gust Flanges, asked him if he would loan them some money to buy whisky; that he asked them how much they wanted, and they said they did not know. Plaintiff said he might loan them some if they did not want too much. Alex said he would call a meeting of the partners and would see plaintiff later about it. He saw Alex that night at his cabin, and the latter sent plaintiff down to the bakery after Gust, who got the company automobile and brought plaintiff back to the cabin. The three went over to the Olympic and talked to Mr. McIntosh, the proprietor, and the whisky was purchased by the two partners. Plaintiff

wrote out and signed a check payable to the Olympic, and gave it to Alex, who gave it to McIntosh. Plaintiff and the two partners then loaded the whisky into the automobile, took it down to the Mothers' bakery shop, and left it just outside the door. McIntosh gave the sales slip for the goods bought to Gust Flanges, who in turn gave it to plaintiff. Plaintiff was bookkeeper for defendants at the time of the transaction. He did not enter his account on their books, because Alex Flanges would not let him. The latter said he did not want any entries for liquor to show on their books. The check was introduced in evidence. The foregoing constitutes substantially the testimony of the plantiff as to the transaction.

A. Kapatanikies, a witness for plaintiff, testified that in March of the year 1919 he heard Alex Flanges say that the company owed plaintiff some money and that they would fix it later.

S. P. Lightheart, a witness for plaintiff, testified that he worked as a baker at the Mothers' bakery, and that while working there Alex Flanges told him that the company owed plaintiff over $400; that plaintiff was going away and they wanted to pay him.

Grover Stoltz testified that he formerly worked for McIntosh at the Olympic bar. He knew plaintiff and Gust and Alex Flanges. On the night of the 15th of December he saw them at the Olympic talking to McIntosh. He remembered that they took some whisky away. He helped them load it into the car.

Gust Flanges testified that he remembered the occasion of the moving of some whisky from the Olympic on the night of the 15th of December; that plaintiff came down to his room about 11 o'clock and asked him to help move it. They went up to the Olympic and plaintiff asked him for permission to take the whisky to the bakery, but he refused. They loaded the whisky in the company's car and took it down the alley and left it in a barn. He denied all the other statements made by plaintiff.

Alex Flanges denied the entire transaction.

Angelas Kanelos testified that he never told Gust or Alex to get any whisky for the bakery, or to get any money, and never discussed any such transaction with his partners. He remembered the circumstance of plaintiff coming to the bakery for Gust Flanges.

Alex Sarris disclaimed any knowledge of the transaction.

Upon this evidence the trial court found that on the 15th day of December, 1918, at Ely, in said county, at the special instance and request of the defendants, as copartners, the plaintiff advanced and paid from and out of his own personal funds to one J. O. McIntosh the sum of $474, the said J. O. McIntosh then and there doing business in the said Ely under the name of the Olympic Liquor Company.

1. As there is substantial evidence to sustain the finding both as to the advancement of the money and the partnership character of the transaction, we cannot disturb it. Whether or not Alex and Gust Flanges were acting for the partnership in getting plaintiff to pay McIntosh $474 for the whisky was a question of fact for the trial court, and, on the evidence presented, its finding in this respect cannot be questioned. Roney v. Buckland, 4 Nev. 45.

2. The claim is also made that the partnership is not liable because Gust Flanges and Alex Flanges, or either of them, as the case may be, were not acting within the scope of the partnership business in inducing the plaintiff to advance money to buy whisky for the copartners.

The record shows that they tried their case in the court below upon the theory that none of the copartners ever had any such transaction with plaintiff as he alleged and which his evidence tends strongly to establish. The question of want of authority was not raised in the court below. As it is raised for the first time in this court, we will not consider it. This is a well-settled rule of practice in this and other courts. McLeod

v. Lee, 17 Nev. 103–120, 28 Pac. 124; Furnace Co. et al. v. Wilmer, 41 Colo. 313, 92 Pac. 703; Steel Rail Supply Co. v. Baltimore & L. Ry. Co., 130 Fed. 434, 64 C. C. A. 635.

There is no merit in the suggestion that the amended complaint does not state facts sufficient to constitute a cause of action.

The judgment is affirmed.