## No. 11,591.

J. I. CASE THRESHING MACHINE CO., ET AL. *v*. PACKER.

Decided March 28, 1927.

Action to cancel trust deed.  Judgment for plaintiff.

### *Affirmed.*

1. JUDGMENT—*Parties.*  A judgment cannot be rendered against one not a party to the action.

2. APPEAL AND ERROR—*No Objection.*  A case will not be reversed by the Supreme Court upon a point to which no objection, exception or assignment of error is made.

3. CREDITOR'S BILL—*Parties—Dismissal.*  A creditor's bill will not be dismissed because of the omission of necessary parties.

4. ACTIONS—*Parties.*  It is the duty of the trial court to have necessary parties to an action brought in.

5. CREDITOR'S BILL—*Judgment.*  A creditor's bill cannot be maintained unless the creditor has procured a previous preliminary judgment at law against the debtor.

6. APPEAL AND ERROR—*Fact Findings.*  The determination of questions of fact on conflicting evidence is for the trial court.

7. CREDITOR'S BILL—*Conveyance—Consideration—Trust.*  A creditor's bill involving alleged fraudulent transfer of real property cannot succeed where the transfer was in fulfillment of a trust and was based on a valuable consideration.

8. TRUSTS—*Gift.*  One has no right to give away property held in trust for another.

9. DEEDS—*Delivery.*  Record of a deed is evidence of delivery.

*Error to the District Court of Yuma County, Hon. L. C. Stephenson, Judge.*

Mr. F. L. GRANT, for plaintiffs in error.

Mr. LOUIS VOGT, for defendant in error.

*Department One.*

Mr. Justice Denison delivered the opinion of the court.

Albert C. O. Packer, defendant in error and plaintiff below, had a decree to cancel a trust deed given by him to secure a note of his father to the plaintiff in error, hereinafter called the company, and the case then comes here for review.

The essential facts are as follows: Charles A. Packer, plaintiff's father, owned the northeast quarter of section 25, south range 48 west, in Yuma county, and other land. Under date of April 27, 1921, he and his wife executed a warranty deed purporting to convey said northeast quarter to their son, the defendant in error. This deed was acknowledged October 17 and recorded October 21, 1921. On May 25, 1921, Charles Packer bought a threshing machine of the company. He paid no cash but gave three notes therefor, one due November 1, 1921, for $2,-744.50, one due November 1, 1922, for $2,000, and one due November 1, 1923, for $1,000. These notes were secured by chattel mortgage on the machine and by second mortgage on the other property above mentioned. December 21, 1921, the first note was in default; the company demanded more security and a new note for the amount of the dishonored note with interest was given; to secure it, the trust deed now in question was given by the plaintiff who was then about sixteen years old. This note was not paid at maturity and a sale was advertised under the trust deed, whereupon this suit was brought to enjoin the sale and cancel the trust deed because of the infancy of the grantor therein. The company filed an answer and a cross complaint.

The defenses in the answer, except the matters stated in the cross-complaint, were all found against the company on sufficient evidence, and we need consider here only the cross-complaint which attacked the conveyance

by the father to the son for fraud and prayed that the father be made a party; that the trust deed be foreclosed against him and that the plaintiff be decreed to have no title. The replication was a general denial.

It does not appear that any order was made on the prayer in the cross-complaint to make Charles a party. The case was tried without him, and, as a matter of course, a judgment could not be rendered on this cross-complaint, which was a creditor's bill (*Allen v. Tritch,* 5 Colo. 222) against him. We cannot reverse on this point, however, because no objection, exception or assignment of error is made on it, and because the omission of the necessary party is not a ground for dismissal of the bill (*Pierce v. Conners,* 20 Colo. 178, 184, 37 Pac. 721, 46 Am. St. Rep. 279), but it is the duty of the court to have him brought in. *Conroy v. Cover,* 80 Colo. 434, 252 Pac. 883.

It does not appear that there was any previous preliminary judgment at law against Charles A. Packer. This was necessary to maintain a creditor's bill. *Burdsall v. Waggoner,* 4 Colo. 256; *Allen v. Tritch, supra; Barnes v. Beighly,* 9 Colo. 475, 12 Pac. 906; *Neuman v. Dreifurst,* 9 Colo. 228, 11 Pac. 98; *McKnight v. McKnight,* 49 Colo. 60, 65, 111 Pac. 583. But since the case was tried without it, and without objection, it is not a ground for affirming the judgment here.

The company claims that the evidence conclusively shows that the conveyance to the plaintiff was fraudulent and to hinder, delay and defraud plaintiff in error as a creditor. We agree that the evidence to that end is strong, but there is evidence to the contrary and the questions of fact were for the district court on that evidence.

It may be conceded that the conveyance left Charles A. Packer insolvent and so was fraudulent if voluntary, but it is found that there was a consideration which, if true (and we must take it as true), amounted to the fulfilling of a trust; i. e., a debt due from Charles to his wife for money loaned him by her which she had received from

her parents for the son, and since there was a valuable consideration, a creditor's bill cannot succeed.

If it be claimed that there was not an enforcible trust because not in writing, one answer is that, even so, the nature of the gift to the mother for the son is evidence tending to show that the money was loaned, rather than given by her to the father. She would have no right to give him money she held for the son.

We agree that it is not important when the conveyance was made if it was part of a plan to defraud, but the court has found that it was not.

It is claimed that the deed was never delivered, but the record is evidence of delivery.

The judgment is affirmed.

Mr. Chief Justice Burke, Mr. Justice Whitford and Mr. Justice Sheafor concur.