## No. 11,888.

TOWN OF PALISADE, ET AL. *v.* ORCHARD MESA IRRIGATION DISTRICT.

Decided December 24, 1928.

Messrs. BURGESS & ADAMS, for plaintiffs in error.

Messrs. VINCENT & BOWIE, for defendant in error.

*En Banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is an action brought by the Orchard Mesa Irrigation District to condemn a right of way for a canal to be used as a tailrace for the conveyance of water from its water power and pumping plant to the Colorado river, at a point above the headgate of the Grand Valley Irriga-

tion Canal. The proposed route crossed a parcel of land owned by the town of Palisade, situated beyond its corporate limits, used by it for a public baseball park, and continued its course therefrom to the Colorado river, through an adjoining, small piece of land owned by the plaintiff in error, Yager.

The town of Palisade will hereafter be referred to as the town, and the Orchard Mesa Irrigation District as the district, and the two plaintiffs in error as respondents.

The district is an irrigation district, organized under the laws of Colorado, and, in pursuing the purposes for which it was organized, of reclaiming a large body of land from its arid condition, it became seriously embarrassed financially, and was confronted with impending failure, and in this dilemma it appealed to the Interior Department of the Government for financial assistance, in consequence of which it was agreed that the Government, through its Reclamation Bureau, should undertake the reconstruction and rehabilitation of the irrigation system of the district, at a cost of $1,000,000, with the further agreement that the district should secure a right of way for the construction of the proposed canal and tailrace from the site of its water power and pumping plant to the Colorado river. In its efforts to comply with its obligation to the Government to secure a right of way for the tailrace, on the route selected and surveyed by the chief engineer representing the Government, and who stood ready, with men, machinery and appliances, to proceed with the work, and after all price negotiations had failed, the district instituted condemnation proceedings against the town and Yager, for the right of way for the tailrace through the two tracts of land of the respondents, and made application for an order, to the district court, before the service of summons, and without notice to the respondents, authorizing the petitioner, upon making the necessary deposits to cover all damages, to take immediate possession of the two tracts of land pending final hearing. The town and Yager thereafter

entered their appearance, and filed separate answers, and each filed a separate motion to vacate the order giving the district a right of immediate possession, and also motions to dismiss the action. The respondents thereafter filed a written demand for a jury, but after the court had heard and overruled their several objections, and denied their several motions to vacate the order granting possession and to dismiss the action, they withdrew their demand for a jury. Thereafter the court appointed a commission of freeholders, and subsequently confirmed the report of the commission, and its several findings and awards made therein, and entered final judgment in accordance therewith, for the district and against the respondents. From the judgment thus entered the respondents sued out their joint writ of error, and also filed in this court their joint assignments of error.

Under the rule announced by this court where two unite in the same writ of error they may assign error only upon so much of the judgment and rulings as affect them jointly. *McKnight v. McKnight,* 49 Colo. 60, 62, 111 Pac. 583.

In the case of joint assignments of error we have held, that where error affects the parties severally, and not jointly, each party must assign errors, for a joint assignment will not permit one of several parties to avail himself of errors on rulings affecting him alone. *National A. F. Co. v. Wilmer,* 41 Colo. 313, 92 Pac. 702.

The general rule, with respect to joint assignments of error is that "one of several appellants or plaintiffs in error cannot avail himself of errors which are not common to all, but which affect or injure him alone; that parties cannot jointly assign error or take advantage, on a joint assignment, of errors which affect them severally, and not jointly; and that a joint assignment of error must be good as to all who join therein, or it will not be available as to any one of them, and if it is not good as to one, it will be overruled or disregarded as to all." 3 C. J. 1352.

This general rule, which is in harmony with the pronouncements of this court, is peculiarly applicable in this instant case. The joint specifications, by respondents, that there was no authority for an order for temporary possession under eminent domain to take lands devoted to a public use, as were the lands of the town, is a several, and not a joint assignment. Again it is specified that it was error to hold that the district had the power of eminent domain over the lands of the town, which is obviously a violation of the rule forbidding a several specification under a joint assignment of error. Other specifications in the joint assignments are of the same objectionable character under the rule inhibiting special assignments under a joint assignment. It is apparent that, the writ of error being joint, and the assignment of error also being joint, the respondents are not in a position to be heard upon their assignments made on behalf of one, and not for all, and that we are, in this condition of the record, relieved of the necessity of considering most of the assignments argued by counsel, because the specifications affect the town only, and not the respondents in common.

With respect to assignment number five it is argued by counsel that it was error to overrule the motion to vacate the order for immediate possession on the ground that the statute authorizing possession of property sought to be condemned, and taken possession of ex parte, is in violation of the Constitution of the United States, and of this state, which provide that no person shall be deprived of property without due process of law. The order for possession was interlocutory. We have several times held that such an order, even if erroneous, will not justify a reversal of the final judgment unless it appears that it prejudicially affected substantial rights of the complaining party on the final adjudication. *Colo. F. & I. Co. v. Four Mile Ry. Co.* 29 Colo. 90, 66 Pac. 902; *Lavelle v. Julesburg,* 49 Colo. 290, 112 Pac. 774; *Mulford v. Farmers Co.* 62 Colo. 167, 161 Pac. 301; *Sternberger v.*

*Continental Co.* 68 Colo. 129, 186 Pac. 910. It is clear, from the record, that the interlocutory order had no such effect.

From the foregoing considerations the judgment must be affirmed. We have no reluctance in thus disposing of the case by the application of the rules governing practice and procedure, for the reason that from our examination of the record and the briefs and arguments of counsel we cannot say, as we are now advised, that any of the questions attempted to be raised would be, on full consideration, sufficient to overcome the presumption which obtains in favor of the judgment rendered by the court below.

MR. CHIEF JUSTICE DENISON and MR. JUSTICE ALTER did not participate in the opinion.